IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:17-cv-01180-CMA-MEH

JAIME FUENTES,
in his individual capacity and on behalf of others similarly situated,

Plaintiff,

v.

COMPADRES, INC., d/b/a Tequila's (Golden);
TEQUILAS THORNTON NUMBER 6, LLC, d/b/a Tequila's (Thornton);
TEQUILAS OF THORNTON LLC, f/d/b/a Tequila's (Thornton);
EL AGAVE AZUL, INC.  d/b/a El Tequileño (Arvada);
EL NOPAL, INC. d/b/a El Tequileño (Lakewood);
EL TEQUILEÑO #1 d/b/a El Tequileño (Aurora);
JOSE RAIGOZA DEJESUS GARCIA, an individual, and
RODRIGO SANCHEZ, an individual,

Defendants.

---

**TEQUILA'S DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CONTACT INFORMATION AND JUDICIAL NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

---

Compadres, Inc., Tequilas Thornton Number 6, LLC, Tequilas of Thornton, LLC, and Jose Garcia (collectively "Defendants") file this response to Plaintiff's Motion for Contact Information and Judicial Notice (Dkt. No. 94 or "Motion for Contact Information") and in support thereof respectfully state as follows:

## INTRODUCTION

Plaintiff's Motion for Contact Information is simply a request for discovery when the Court has stayed discovery in this case.  Pending before the Court is Defendants' Motion to Dismiss.  Dkt. No. 80.  The case is not yet at issue and the Court has not yet issued a Scheduling Order.  During the October 16 hearing, the parties stipulated, and the Court

agreed, to stay discovery.  Dkt. No. 88.  Thus, the parties have exchanged no information regarding Defendants' employees and Plaintiff should not be entitled to this information until the Court rules on Defendants' Motion to Dismiss.  In any event, Plaintiff asserts insufficient allegations to determine persons similarly situated and warrant conditional certification for purposes of the present Motion for Contact Information.

As a threshold matter, Plaintiff fails to meet the minimum burden to justify conditional certification.  As shown herein, the Motion for Contact Information and the conclusory allegations in Plaintiff's Second Amended Complaint do not rise to the level of "substantial allegations" to support persons-similarly situated. Plaintiff has not provided that opt-in members were together victims of a single decision, policy or plan, but instead provides affidavits and the Department of Labor investigation that relate to different Defendants at different times, some of which are not even within the three-year statute of limitation period.  The Motion further continues to conflate the parties in this action.  It associates all Defendants who have different owners and operate as separate institutions as a single entity.  By grouping the separate entities into a single cohort, Plaintiff misrepresents the Defendants and misleads the Court.

Should the Court find that Plaintiff made substantial allegations, then it should limit conditional certification only to those locations where Plaintiff has shown substantial allegations.  Finally, the proposed notice is significantly flawed in that it is overly broad in the scope of the intended recipients, overly broad in the time frame proposed and imposes undue burdens on Defendants regarding the posting of the notice.  While Plaintiff continues to focus on the merits of the underlying class action, Plaintiff fails to satisfy the

baseline requirements for conditional certification.  Accordingly, Plaintiff's Motion should be denied.

## ARGUMENT

### I.      Legal Standard for Conditional Certification

Plaintiff's Motion for Contact Information is in effect a request for conditional certification.  Accordingly, the Court should review the Motion using the "two-step, case-by-case process for determining whether putative employees are 'similarly situated' to the named plaintiff(s) for purposes of Section 216(b)." *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001); *Avendano v. Averus*, Inc., No. 14-cv-01614, 2015 WL 1529354 at *4 (D. Colo. Mar. 31, 2015) (finding plaintiff alleged insufficient allegations that the entire class constituted employees "similarly situated").  Under the first step, the "Court makes an initial, so-called 'Notice' determination of whether the named plaintiff(s) and the opt-in 'class' are 'similarly situated.'" *Thiessen*, 267 F.3d at 1105. The second step occurs only if notice certification is granted in the first step and "[a]t the conclusion of discovery." *Id.* at 1102-03; *see also Avendano*, 2015 WL 1529354 at *4.   Analysis concerning the second step is not applicable here.

To demonstrate that sufficient "similarity" exists, Plaintiff must submit "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (internal citations omitted); *See, e.g., Saarela v. Union Colony Protective Servs.,* Inc., 13–CV–01637–MSK–MJW, 2014 WL 3408771, at *4 (D. Colo. July 14, 2014).  To meet this evidentiary burden, Plaintiff "must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." *Rex v. Owens ex. Rel. State of Okl.*, 585 F.2d 432, 436

(10th Cir. 1978).  The exact number of class members need not be pleaded or proven, but the impracticability of joinder must be positively shown, and cannot be speculative. *Bass v. PJCOMN Acquisition Corp.,* No. 09-cv-01614, 2010 WL 3720217, at *4 (D. Colo. Sept. 15, 2010).  A claim of numerosity that is based on speculation does not satisfy the numerosity requirement.  *Id.*

Despite the lenient standard at this stage, mere conclusory declarations or those based on hearsay or speculation are insufficient to grant conditional FLSA collective action certification. *See Saarela*, 2014 WL 3408771, *3.  Likewise, "conclusory and general allegations are insufficient." *Id.*  As one Court explained: "The term 'substantial' must carry some weight or it is rendered meaningless." *Id.* at *3.  Thus, although it is sometimes stated that the "standard at the Notice juncture is a 'fairly lenient' one...," conditional certification is by no means a foregone conclusion.  *Avendano*, 2015 WL 1529354 at *4; *Maestas v. Day & Zimmerman, LLC*, No. CV 09-19 JH/LFG, 2009 WL 10635999, at *4 (D.N.M. May 13, 2009) (granting conditional certification at the notice stage is "not automatic").  To the contrary, conditional certification has been denied on numerous occasions in the Tenth Circuit when the Plaintiff provides insufficient allegations that the opt-in class members are "similarly situated." *Avendano*, 2015 WL 1529354 at *4.

The ad hoc method of conditional certification set forth in *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015) and which Plaintiff recommends that this Court follow, is a case with a completely different procedural posture and factual background than this case.  Plaintiff makes no effort to distinguish *Turner* from this case. In *Turner*, the court had ruled on defendants' motions to dismiss and the case was at

issue. *Id.* at 1304-1305.  The case was set for a status conference and at that point the plaintiff's wage claims had been pending for more than two years. *Id.* at 1305.  Here, that is not the case.  Plaintiff's claims have been pending for less than three months from September 15, 2017.  In *Turner,* Judge Kane granted conditional certification when the case was much farther along in the proceedings, the case was at issue, and a prior case set the stage for similar allegations. *Id.* at 1305.  The Court should ignore Plaintiff's request to follow *Turner* and instead follow mandated Tenth Circuit precedent as outlined in the two-step certification process.

## II. Plaintiff Has Not Met Its Burden To Establish Conditional Certification.

### A. The Support Plaintiff Alleges for its Conditional Certification Motion are Conclusory Allegations Insufficient To Establish "Substantial Allegations" of a Putative Class.

Plaintiff provides insufficient support to establish that tipped and untipped persons who worked at a variety of restaurants, most of which were separately owned, for a time period spanning over a decade are "persons similarly situated" warranting conditional certification. *See Saarela,* 2014 WL 3408771 at *4 (denying conditional certification when plaintiff's complaint did not submit substantial allegations to carry burden of establishing "persons similarly situated" entitled to opt-in notice).  Despite the fact that Plaintiff thinks that "only minor, inconsequential differences are likely to exist among the members of the proposed collective" (Motion at 19), such is not the case.  Plaintiff conflates prospective opt-in members, working different occupations, the places they've worked, the time frames they have worked, and the Defendants themselves to improperly group all non-management employees working at all five separately-owned restaurants into an overly broad conditional class.

Plaintiff improperly conflates Plaintiff and potential opt-in plaintiffs as persons similarly situated.  Plaintiff Fuentes alleges that he worked at the Tequila's Family Mexican Restaurant in Thornton (Defendant Tequila's Thornton Number 6, LLC) for about two months in late 2016 and then subsequently at the Tequila's Golden Restaurant for about three months.  Dkt. No. 94-2 at ¶ 3.  Despite never working at any other location, Fuentes attempts to assert that *all Defendants* failed to pay him the proper overtime rate for hours worked over 40 in a workweek, retained tips for management, failed to provide adequate notice related to the tip credit, over reported his tips on paystubs and failed to accurately report hours worked.  SAC at ¶¶ 54-55.  Previously serving as a plaintiff but now dismissed, Mr. Orejel also only asserts that he worked at "Tequila's Family Mexican Restaurant" at various locations, but at no locations owned or operated by any Defendants within the applicable statute of limitations in this case.  Dkt. No. 94-3 at ¶¶ 2-4.  Similarly, Mr. Carranza gives no specific allegations as when he worked for which Defendants. Dkt. No. 94-4 at ¶ 2.

Not only does Plaintiff conflate Fuentes, Orejel and Carranza as potential opt-in members, but he also conflates tipped and untipped employees, "front of the house" and "back of the house" and all workers at all five restaurants into one overbroad class.  The Department of Labor Investigation ("DOL Investigation") was limited to investigating Defendant Tequila's Thornton Number 6 and only involved thirteen employees. Dkt. No. 94-9 at 2.  Plaintiff unsuccessfully tries to use the DOL investigation as a smoking gun for its entire case, but fails to realize that the DOL only involved *one* out of eight Defendants.

Plaintiff's complaint is conclusory in nature and thus does not carry the "substantial allegations" of "persons similarly situated" necessary to warrant conditional certification.

*See e.g. Stubbs v. McDonald's Corporation*, 227 F.R.D. 661, 666 (D. Kan. Mar. 4, 2005) (finding that the plaintiff failed to meet that he and his putative class are similarly situated when the plaintiff's affidavits made only "very conclusory and general allegations...," without specifics concerning "other second assistant managers who shared the same job duties as himself and were victims of defendant's purported policy of purposefully under-staffing defendant's restaurants."); *Blancarte v. Provider Plus, Inc.*, No. 11-2567, 2012 WL 4442642,  at *3-4 (D. Kan. Sept. 26, 2012) (finding Plaintiff's conclusory and general allegations fall short of the mark required for conditional certification); *Saarela*, 2014 WL 3408771 at *3 (finding that the plaintiff had failed in his burden to establish a "sufficient threshold showing of similarity" where his complaint was "almost entirely conclusory in nature," and where his supporting affidavit evidenced only that a single supervisor had allegedly said the employer "does not pay overtime at a premium rate."); *Maestas,* 2009 WL 10635999 at *4 (conditional certification denied for employees who worked at only a single jobsite and even though the plaintiffs supported their motion with "affidavits from eight potential class members").  As described in full in Defendant's Motion to Dismiss, Plaintiff's Second Amended Complaint only asserts conclusory allegations against Defendants and provides insufficient support for the overly broad scope of its proposed opt-in class. *See* Dkt. No. 80 (describing why the conclusory allegations in the Second Amended Complaint fails to state a claim for relief).  Plaintiff's Motion should be denied.

### B. Plaintiff Provided No Support Constituting "Substantial Allegations" That the Putative Class Members were Together Victims of a Single Decision, Policy or Plan.

Plaintiff presents affidavits that further call into question the alleged enterprise-theory that the separately-owned Defendants all committed the same violations.  The

declarations and Department of Labor report accompanying Plaintiff's Motion are insufficient to assert that all members of the proposed class "were together the victims of a single decision, policy, or plan." *Avendano*, 2015 WL 1529354 at *4. Plaintiffs have failed to make this showing.

For example, Tequila's of Thornton has only been open since October 2016. Plaintiff Jaime Fuentes has only worked at Tequila's since October 2016.  Dkt. No. 94-2 at ¶ 2..  Mr. Orejel has not specified which Defendant he worked for during the statute of limitations period in question. Dkt. No. 94-3 ¶ 3.  Mr. Carranza indicates no specific timeframe for which he worked at Tequila's or Tequileño's only indicating that he worked through a period from 2008 to 2016. Dkt. No. 94-4 at ¶ 2.  Thus, Plaintiff has made no substantial allegation that any of these members where the victims of a single decision, policy or plan. (emphasis added).  *Abdulina v. Eberl's Temp. Servs., Inc.,* No. 14-CV-00314-RM-NYW, 2015 WL 12550929, at *4 (D. Colo. Apr. 27, 2015) ("The modest factual showing cannot be satisfied simply by unsupported assertions …").  Plaintiff has failed to establish any single decision, policy or plan consistent among any of the eight Defendants, let alone among one of the Defendants.  Mr. Fuentes, Mr. Orejel and Mr. Carranza worked at separate Defendants' at separate times.  Accordingly, Plaintiff's Motion should be denied at this stage.

### C. Plaintiff's Motion for Conditional Certification Should be Denied and Only Reviewed after the Court Determines Defendants' Motion to Dismiss.

Neither Plaintiff nor the Court has enough information to determine which employees in what restaurant constitute employees similarly situated.  Because discovery is currently stayed in this case, it is premature in the proceedings to decide on conditional

certification.   Plaintiff presents mismatched affidavits only confusing the scope of the potential class certification as to which specific restaurants it has "substantial allegations" against and during which time frame.   Proceeding in this hasty manner is not "orderly", but rather throws the Court and the Defendants into a procedural posture before discovery has even commenced.   After the Motion to Dismiss is decided, Defendants will propose a timeframe for limited discovery so Plaintiff and the Court can determine which opt-in members are "similarly situated".   *See Avedano*, 2015 WL 1529354 at *4 (limiting conditional certification only for set of class where Plaintiff provided substantial allegations); *Braun v. Superior Indus. Int'l, Inc.*, No. 09–2560–JWL, 2010 WL 3879498, at *6 (D. Kan. Sept. 28, 2010) (same).

### III.      Limit Plaintiff's Request for Certification To Only Those Locations Where Plaintiff Has Established Substantial Evidence After Discovery

Numerous courts in the Tenth Circuit have substantially limited a plaintiff's request for conditional certification, choosing instead to notify a class consisting of employees from only one location.   In *Avedano*, the Court rejected plaintiff's request for conditional certification on a national level and limited its grant of conditional certification on a local level.   2015 WL 1529354 at *5-6.   Should the Court have granted broad conditional certification, "the Court would have to improperly assume that employees in other locations a) worked over 40 hours and b) that any allegedly unlawful practice in Denver as to failure to properly pay for overtime hours was consistent with Averus' policies in its other locations." *Id.* at *7.   In that case, the plaintiff presented no allegations or evidence from which the Court could infer that employees in defendants' other national or local branches were also not paid overtime. *Id.* at *7-8.   Therefore, the court determined that nationwide certification was clearly unwarranted and only granted limited local

certification. *Id.*; *see also Braun,* 2010 WL 3879498, at *6 (certifying class at one facility only, because "[n]one of the named plaintiffs or the opt-in plaintiffs purport to have any knowledge of the pay practices in defendant's [other] facilities. Moreover, there are no allegations or evidence from which the court could infer that employees in those facilities are required to perform pre-and post-shift work").

As support for their Motion, the Plaintiff submitted a declaration from Mr. Fuentes, Mr. Orejel, and Mr. Carranza.  The affidavits that Plaintiff submitted purport to allege FLSA violations, but do not indicate when the affiant's worked at the prospective locations.  The SAC does nothing to clarify the obscure allegations Plaintiff makes. *See* SAC at ¶ 54 (failing to indicate which Defendant Mr. Fuentes worked for and when); *Id.* at ¶¶ 76-78 (declining to give any factual support regarding where the opt-in class members worked). Thus, Plaintiff provides insufficient information to justify notice to the entire five restaurants. *See also Hobbs v. Tandem Envtl. Sols., Inc.,* No. CIV.A. 10-1204-KHV, 2011 WL 484194, at *2 (D. Kan. Feb. 7, 2011) (court rejects the plaintiffs' attempt to certify a company-wide collective of office cleaners on an off-the-clock theory, instead certifying only those employees from the Wichita branch); *Pegues*, 2013 WL 1896994 at *3 (notice certification denied to nationwide group of call-center employees for off-the-clock work; and only approved to a subset of employees working in a single business unit in Overland Park, Kansas because the plaintiff did "not offer any firsthand knowledge of practices in other units or locations.  She offers no more than conclusory and general allegations. These do not equate to 'substantial' allegations.")

Accordingly, even under the "fairly lenient" standard which applies to conditional certification of FLSA claims in the Tenth Circuit, a court is by no means required to certify

a collective so long as "any" allegations and evidence are set forth. Instead, conditional certification may be denied outright. *Saarela*, 2014 WL 3408771, at *4. Moreover, in its discretion and based on the evidentiary record before it, a court is free to substantially limit a plaintiff's request for notice. As the cases above illustrate, courts will often certify a limited class of employees from a single location where the plaintiffs have submitted multiple, substantial declarations concerning that location.  For these reasons, the Court should not grant conditional certification until after limited discovery is taken to determine the proper scope of the class.

IV.      **Plaintiff's Proposed Notice is Significantly Flawed.**

**A. The Proposed Notice is Overly Broad in the Scope of Potential Recipients.**

Plaintiff's argument that notice should be sent to workers at all five restaurants is entirely baseless and does not even consider the general timeframes each restaurant has been open.  To say that "workers at all five [restaurants] were similarly situated in that they have been underpaid in consistent ways" is a baseless allegation without any factual support. Motion at 12.  Plaintiff once against conflates the individual restaurants into one entity.  As described in Defendant's Motion to Dismiss, Plaintiff insufficiently alleges that the Defendants constitute an "enterprise" under the FLSA and has made no showing that the Defendants operate through common ownership or management. Dkt. No. 80 at 5-7. Thus, to conflate all eight Defendants into one group, without showing that they constitute the same enterprise or that any of employee's alleged violations was caused by a "single" decision or policy among the eight Defendants would improperly draw too many employees into this class without "substantial allegations."  Plaintiff's attempt to catch-all

employees in the three-year time frame is entirely too broad and it has not provided any substantial allegation that each restaurant constitutes part of the group.

### B. The Proposed Notice is Overly Broad in the Time Frame.

Plaintiff's notice states that it should be provided to all workers at Tequila's Family Mexican Restaurant and/or a Tequileños Restaurant (all collectively "Tequilas") in Golden, Thornton, Arvada, Lakewood and/or Aurora between May 12, 2014 and the present. Dkt. No. 94-1 ("Proposed Notice").   "Although an FLSA action is usually 'commenced' on the day the complaint was filed..., in the case of a collective action..., an individual plaintiff's action 'is considered to be commenced when a plaintiff files a written consent.'" *Smith v. Pizza Hut, Inc.*, 2012 WL 1414325, No. 09-cv-01632, at *6 (D. Colo. April 21, 2012).   Thus, courts in the Tenth Circuit (including this one) consistently hold that the three-year notice period runs backwards from the date of any order granting conditional certification (and not from the date the motion is filed).   See, e.g., *Gordineer v. Rocky Mt. Offender Mgmt. Sys.,* No. 12-cv-1212, 2013 WL 179327 at *4 n. 3 (D. Colo. Feb. 1, 2013) ("The text of the applicable statute, 29 U.S.C. § 256, states that an FLSA action is commenced...with respect to the unnamed Opt-in Plaintiffs when their Opt-in consent is filed.   Accordingly, the proper approach is to use the date on which the Order conditionally certifying the class is used."); *Smith*, 2012 WL 1414325, at *6 (authorizing notice three years from the date of the order).   Thus, to the extent this Court issues an order granting conditional certification, notice should only be sent to those opt-in members who were employed within three years of the date of the order, not from the date of the Complaint.

### C. Plaintiffs' Request For Detailed Information About Each Potential Collective Member Is Overbroad And Unnecessary For Notice.

Plaintiff asks that the Court order Defendants to provide each proposed collective member's name, address, home and cellular telephone numbers, dates of employment, title(s)/position(s), and primary language of all current and former non-management employees who worked at any time on or after May 12, 2014 at the Golden, Thornton, Arvada, Lakewood or Aurora location. Motion at 16.  Plaintiff does not cite to any authority in support of their expansive request for information, some of which is unquestionably protected by the employee's right to privacy.

If conditional certification is granted, Plaintiffs are entitled to receive information for purposes of disseminating notice.  *See Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002).  Since first class mail is the "preferred method" of notice in the Tenth Circuit, courts frequently reject or substantially limit requests for information beyond employee names and home addresses unless and until Plaintiffs can demonstrate that notice by first class mail has not worked.  *Id.* (denying notice by any other means by First Class mail).  "First class mail ensures, at the outset, that the appropriately targeted audience receives the intended notification and maximizes the integrity of the notice process." *Id.* Therefore, Notice should be given by First Class mail only.  In the event that names and addresses are not sufficient to allow the mailing to reach putative class members, plaintiff may revisit the issue in a discovery request.

Here, should this court order the "preferred" method of notice, nothing is required beyond names and addresses.  Plaintiff does not require telephone numbers, dates of employment, titles or positions to send out letters through the mail.  Further, information about a potential opt-in's work history (i.e., job titles, dates of employment, and locations

of employment) is not necessary to provide any form of notice (by mail, email or website), and Plaintiffs have not asserted any Tenth Circuit case suggesting otherwise.

Certainly, at this stage when discovery is stayed, Plaintiffs are not entitled to this work history information with regard to individuals who do not opt-in. As such, if notice is permitted at all, Plaintiffs should only be entitled to discover the names and addresses of the appropriate opt-in members, those non-management tipped employees.

### D.  Notice of Anti-Retaliation Only Pertains to One Defendant

The purpose of the notice is to alert potentially aggrieved individuals that they can join the lawsuit by filing a written consent. *Hoffmann–La Roche*, 493 U.S. at 169–74. Plaintiff has included into the proposed notice a warning about future or threatened retaliation and solicits itself at Counsel for any anti-retaliation claim.  The purpose of this notice is to inform opt-in members about the lawsuit, not to inform all opt-in members of their rights under anti-retaliation standards nor to create claims where none exist.  Plaintiff has no right to "slip-in" any anti-retaliation statement in its notice and thus any statement regarding anti-retaliation claims should be stricken.

Notably, the testimony of Mr. Orejel only referred to alleged threats made by Mr. Sanchez.  Mr. Sanchez is one of eight distinct Defendants in this case.  Plaintiff once again conflates all Defendants into one by asserting that this anti-retaliation clause should be included in notice to past and current employees of *all five restaurants*, when the only purported threatened retaliation on record is that coming from Mr. Sanchez.  Including this statement on all Notices is overly broad and without legal support.  Plaintiff provides no supporting case law that such anti-retaliation language is required or permitted in the Notice and thus accordingly the Court should strike it.

### E. Plaintiff's Proposed Notice Imposes Undue Burdens on Defendants.

Plaintiff requests that Defendants post the notice in restaurants frequented by employees and that Defendants provide proof of such postings. Motion at 20. These requests are unreasonable and superfluous in light of Plaintiff's contemporaneous request to mail notice to putative plaintiffs. Plaintiff provides no legal support for these requests. Nor has Plaintiff provided how posting the Notice at all of Defendants' restaurant locations outweighs the burden on Defendants from having to post the notice on all of their stores and take photographs of such notices. *See e.g. Darrow v. WKRP Mgmt.*, LLC, No. 09-CV-01613-CMA-BNB, 2012 WL 638119, at *7 (D. Colo. Feb. 28, 2012); *Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2011 WL 1118774, at *12 (D. Kan. Mar. 28, 2011) (noting that such public posting does not account for the consent forms). These requests are overly burdensome on Defendants and Plaintiff provides no legal support that such action is required.

## CONCLUSION

For the reasons described herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Conditional Certification and deny Plaintiff's request for the disclosure of Defendants' confidential contact information. Defendants request that the Court limit any conditional class to only those employees working for the specific Defendant for which Plaintiff has made "substantial allegations" sufficient to support conditional certification. Finally, Defendants request that Plaintiff edit the Notice to comply with Tenth Circuit precedent and not require undue burdens on Defendants.

For all of the foregoing reasons described herein, Defendants respectfully request that the Court enter an order denying Plaintiff's Motion for Contact Information.

Respectfully submitted this 1st day of December 2017.

**KARP NEU HANLON, P.C.**
*Attorneys for Tequila's Defendants*
*s/ James F. Fosnaught*
James F. Fosnaught, Reg. No. 31820
201 14th Street, Suite 200
Glenwood Springs, CO 81601
Tel.: (970) 945-2261
Fax: (970) 945-7336
jff@mountainlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December 2017, I served the foregoing by way of the CM/ECF system:

Penn Dodson, Esq.
Anderson Dodson, P.C.
11 Broadway, Suite 615
New York, NY 10004

 *s/ Erika L. Watkins*
Erika Watkins