**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01180-CMA-MEH

JAIME FUENTES,
in his individual capacity and on behalf of others similarly situated,
    Plaintiff,
v.

COMPADRES, INC. d/b/a TEQUILA'S (Golden);
TEQUILAS THORNTON NUMBER 6, LLC d/b/a TEQUILA'S (Thornton);
TEQUILAS OF THORNTON LLC f/d/b/a TEQUILA'S (Thornton);
EL AGAVE AZUL, INC. d/b/a EL TEQUILEÑO (Arvada);
EL NOPAL, INC. d/b/a EL TEQUILEÑO (Lakewood);
EL TEQUILEÑO #1 d/b/a EL TEQUILEÑO (Aurora);
JOSE JESUS GARCIA, an individual; and
RODRIGO SANCHEZ, an individual.
    Defendants.

---

**TEQUILEÑO DEFENDANTS' OBJECTIONS TO
MAGISTRATE JUDGE'S RECOMMMENDATION**

---

Pursuant to Fed.R.Civ.P. 72(b), Defendants El Agave Azul, Inc., El Nopal, Inc., El Tequileño #1 (collectively, the "Tequileño Entities") and Rodrigo Sanchez ("Sanchez") (Collectively, the "Tequileño Entities" and "Sanchez" are referred to as the "Tequileño Defendants.") submit their objections to the Recommendation of United States Magistrate Judge ("Recommendation") (Doc. 114) filed on December 12, 2017, as follows:

### I. Standard of Review

The district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" following the issuance of a magistrate judge's recommendation on a dispositive matter. Fed.R.Civ.P. 72(b)(3).

Upon review, the district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." *Id.*

> **II. The Magistrate Judge Erred In Failing To Analyze And Determine Whether This Court Has Subject Matter Jurisdiction Over The Tequileño Defendants, And Each Of Them.**

Federal courts have jurisdiction to hear cases and controversies arising under the laws of the United States, including those, as here, brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* U.S. Const., art. III. However, even when a claim arises under these laws, a court does not have jurisdiction over the dispute unless the plaintiff has standing to bring the case.

To meet the "irreducible constitutional minimum" of standing, a plaintiff must show: (1) an injury in fact: a harm suffered by the plaintiff that is both concrete and actual or imminent, not conjectural or hypothetical; (2) causation: a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) redressability: a likelihood that the requested relief will redress the alleged injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016). These three elements are an indispensable part of a plaintiff's case.

In the absence of standing and, therefore, subject matter jurisdiction, a court "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). For this reason, as here, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, **the court must first decide the**

**12(b)(1) motion** for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Glapion v. Castro*, 79 F. Supp. 3d 1207, 1213 (D. Colo. 2015) (citations omitted) (emphasis added).

Jurisdiction is not presumed and the plaintiff bears the burden of establishing that subject matter jurisdiction exists even in the face of a Rule 12(b)(1) motion. *Lujan,* 504 U.S. at 560; *Basso,* 495 F.2d at 909 (citations omitted).

> A Rule 12(b)(1) motion can challenge the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. 'It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'

*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (citation omitted). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's references to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Holt v. United States.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citations omitted).

Despite Defendants' clear factual attack on Plaintiff Jaime Fuentes' ("Fuentes") standing and this Court's subject matter jurisdiction, the Magistrate Judge erred in failing to analyze, much less determine, under Rule 12(b)(1) whether Fuentes has standing with respect to each of the Tequileño Defendants, and thus, whether this Court has subject matter jurisdiction over the Tequileño Defendants, and each of them. *See*

Recommendation, p. 14 (Recommending "that Judge Arguello refuse the Defendants' invitation to analyze the issue wholly pursuant to Rule 12(b)(1)").

The effects of the Magistrate Judge's error in this regard permeate each of the issues set forth in greater detail below and effectively relieved Fuentes of his burden of establishing subject matter jurisdiction as to *any* of the four Tequileño Defendants, much less as to each of them. Had the Court held Fuentes to his burden, it would have been required to dismiss the Tequileño Defendants for lack of subject matter jurisdiction. Fuentes failed to provide any affidavits or other evidence to support his position beyond the unverified allegations in the Second Amended Complaint and failed to dispute any of the facts set forth in the Affidavit of Rodrigo Sanchez. Rather than offer any evidence to meet his burden, Fuentes merely argued with respect to subject matter jurisdiction that "[i]t's just not the time yet to fight this particular fight." Response to Defendants' Motions to Dismiss Second Amended Complaint (Doc. 89), p. 6. As set forth above, the time to determine subject matter jurisdiction is now. Fuentes' failure to meet his burden despite three iterations of his Complaint, and his clear declination to provide any evidence in support of his allegation of standing as required by the Rules, is fatal to his claims against the Tequileño Defendants.

### III. The Magistrate Judge Erred In Determining That Subject Matter Jurisdiction under The FLSA Is Not Dependent Upon An Employer-Employee Relationship.

The Magistrate Judge erred in determining that subject matter jurisdiction under the FLSA is not dependent upon an employer-employee relationship. Recommendation, pp. 9-14. While recognizing that this Court recently confirmed that the "existence of an

employment relationship between or among the parties is a jurisdictional requirement under the FLSA" the Magistrate Judge ultimately declined to follow that reasoning based on an apparent lack of clear guidance from the Tenth Circuit on the issue. Recommendation, pp. 13-14; *see Murphy v. Allstaff Med. Res., Inc.,* Civil Action No. 16-cv-2370-WJM-MEH, 2017 WL 2224530, *3 (D. Colo. May 22, 2017) (citation omitted).

With respect to the Tequileño Defendants, for whom Fuentes alleges he never worked, it is indisputable that subject matter jurisdiction is predicated on the FLSA. Absent an employer-employee relationship, there is no liability under the FLSA. 29 U.S.C. § 206(a), §207(a), §216(b). By its plain language, the FLSA does not apply to non-employers. *Id.; see also* 29 C.F.R. § 791.2(a); *accord White v. Classic Dining Acquisition Corp.,* No. 1:11-cv-712-JMS-MJD, 2012 WL 1252589, *2 (S.D. Ind. April 13, 2012) (The wording of §216(b) makes it clear that standing to pursue an action for employer liability is predicated on the employer-employee relationship, is limited to employees only, and cannot be based on putative class members.)

As Judge Martinez recently held, the "existence of an employment relationship between or among the parties is a jurisdictional requirement under the FLSA. This is because § 216 uses the terms "employee" and "employer" throughout, refers to the employment relationship, and speaks in clear jurisdictional terms, stating that 'a[n] action to recover [for] liability … may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.'" *Murphy,* 2017 WL 2224530 at *3.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee …" 29 U.S.C. 203(d). An "employee" "means any individual employed by an employer." 29 U.S.C. 203(e). Under the FLSA, any "employer" of an "employee" is responsible for compliance with all applicable provisions of the FLSA and therefore cannot be liable to an individual it did not employ. *See* 29 C.F.R. 791.2(a).

To have standing to bring a claim under the FLSA, the plaintiff's injuries must be traceable to, and redressable by, "those who employed them." *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016) (*citing Roman v. Guapos, III, Inc.*, 970 F. Supp. 2d 407, 412 (D. Md. 2013) and granting 12(b)(1) motion to dismiss where plaintiff failed to show employment relationship.) It follows that, for Fuentes to have standing, he must first establish an employer-employee relationship with the Tequileño Defendants under the FLSA, and each of them. *See Glunt v. Gatsby Entm't, Inc.,* Civil Action No. 13-cv-02773-CMA-MJW, 2014 WL 536956, *2 (D. Colo. Feb. 7, 2014). He must then show an actual injury traceable to and redressable by each of the Tequileño Defendants. *Lujan*, 504 U.S. at 560; *accord Crumbling v. Miyabi Murrells Inlet, LLC*, 192 F. Supp. 3d 640, 646-47 (D. S.C. 2016) ("For standing purposes, the Court must determine whether each defendant could be held liable to each plaintiff … collective actions pursuant to § 216(b) may only be maintained where the named plaintiffs were employed by each of the Defendants.").

The existence of an employer-employee relationship between Fuentes and *each* of the Tequileño Defendants is necessarily determinative as to this Court's subject matter

jurisdiction. The Magistrate Judge's finding on this issue was error and the Court should reject the Recommendation to decline to analyze this issue under Rule 12(b)(1).

### IV. The Magistrate Judge Erred In Finding "Plausible" Employer-Employee Relationships.

The existence of an employer-employee relationship under the FLSA is determined by the "economic realities" test in which "the economic realities of the relationship govern" and "the focal point is 'whether the individual is economically dependent on the business to which he renders service.'" *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). In applying the economic realities test, Courts look at the totality of the circumstances, but typically inquire as to whether the alleged employer (i) has the power to hire and fire employees; (ii) supervises and controls employee work schedules or conditions of employment; (iii) determines the rate and method of payment; and (iv) maintains employment records. *Baker*, 137 F.3d at 1440 (citation omitted); *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983). In this case, the Magistrate Judge erred in finding that, under the economic realities test, Plaintiff had plausibly alleged an employer-employee relationship with respect to both the Tequileño Entities and Sanchez.

#### A. Fuentes Does Not Have An Employer-Employee Relationship With The Tequileño Entities.

The Magistrate Judge erred in his application of the economic realities test with respect to the Tequileño Entities and specifically in finding that Plaintiff "has stated plausible allegations demonstrating the [Tequileño Entities]" meet the requirements set

7

forth in the economic realities test with respect to "persons similarly situated to [Plaintiff]." Recommendation, p. 25.

Where more than one entity is involved, the plaintiff must establish an employment relationship with each employer, either singularly or jointly. *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 414 (D. Md. 2013). The Magistrate Judge should have considered Fuentes' relationship with each of the Tequileño Entities separately. However, since Fuentes alleges that he never worked for *any* of the Tequileño Entities (*See* Second Am. Cmplt. (Doc. 63), ¶¶ 9-10), the Magistrate Judge did not and could not have found an employer-employee relationship between any of the Tequileño Entities (much less all three) and Fuentes under the economic realities test.

The Magistrate's erroneous finding that Fuentes plausibly alleged an employer-employee relationship with three Mexican restaurants at which he alleges he never worked and which are not under common ownership with those where he did work is based solely on Fuentes' allegations that future "putative plaintiffs" are "similarly situated" to him. Recommendation, p. 25. Under this approach, the Magistrate Judge could have found that Fuentes – through unnamed future putative plaintiffs – met the requirements of the economic realities test with respect to virtually any Mexican restaurant in the United States.

This error emphasizes the egregiousness of the Magistrate Judge's failure to properly analyze whether Fuentes has standing and whether this Court has subject matter jurisdiction. Courts have consistently held that the employer-employee relationship necessary for this Court to have jurisdiction under the FLSA must be based on the named

Plaintiff and cannot be based on putative plaintiffs. *See Lewis v. Casey,* 518 U.S. 343, 357 (1996) (Named plaintiff "'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"); *White,* 2012 WL 1252589, at *2 (Standing may not be acquired by a named Plaintiff in a class action by asserting the rights of putative class members.); *accord Roman*, 970 F. Supp. 2d at 416 ("Plaintiffs cannot use putative plaintiffs to bring in Defendants that are not the employer of the named Plaintiffs under the prediction that a future collective of uncertain composition will include employees of these Defendant employees."); *Crumbling*, 192 F. Supp. 3d at 645 (Plaintiffs cannot maintain an action against entities at which no plaintiff worked).

As multiple Courts have found, the law does not permit a named plaintiff to pursue an action against a restaurant – or any employer - for whom he never worked. In *Roman*, *supra,* the plaintiffs brought FLSA claims against five separately incorporated Mexican restaurants, even though they only alleged to have worked at one of the five restaurants. *Id*. at 414-15. The plaintiffs attempted to impose FLSA liability on all five restaurants alleging that they were operated as a close-knit, family business that shared common logos, corporate officers, and substantially similar Mexican food and beverages. *Id*. The *Roman* court rejected plaintiffs' theory, dismissing the claims against each of the restaurants at which none of the plaintiffs had worked, stating that "FLSA liability is predicated on an employer-employee relationship" as determined by application of the economic realities test. *Id*. at 413-14; *see also Crumbling*, 192 F. Supp. 3d at 646-47 (Dismissing FLSA claims against Japanese restaurants for whom no named plaintiff ever

worked and holding that actions under the FLSA could "only be maintained where the named plaintiffs were employed by each of the Defendants."); *accord White,* 2012 WL 1252589, at *3. (Dismissing FLSA claims against twenty-six entities for whom plaintiff never worked on the grounds that plaintiff "could not have suffered an injury at the hands of those Defendants and this Court has no subject matter jurisdiction to entertain the claims.").

Fuentes alleges that he has never worked for any of the Tequileño Entities. The law is clear that he cannot maintain an action against them based on a putative future collective class. Fuentes simply does not have standing to assert claims under the FLSA against the Tequileño Defendants. This Court should reject the Magistrate Judge's Recommendation and dismiss Fuentes' claims against each of the Tequileño Entities.

### B. Fuentes Does Not Have An Employer-Employee Relationship With Sanchez.

The Magistrate Judge similarly erred in finding that Fuentes "has plausibly alleged Sanchez is an 'employer' under the FLSA." Recommendation, p. 25. As support for his finding as to Sanchez, the Magistrate Judge cites to *Saavedra v. Lowe's Home Ctrs., Inc.*, 748 F. Supp. 2d 1273, 1288 (D. N.M. 2010) for the proposition that "[c]orporate officers who have a substantial ownership interest in the corporation, and who are directly involved in decisions affecting employee compensation, may be held personally liable under the FLSA." Recommendation, p. 25. However, Sanchez does not have and has never had *any* ownership interest in the Tequileño Entities (for whom Fuentes alleges he never even worked), much less the two Tequila's Defendants where Fuentes actually did work. *See* Motion, Ex. A, ¶ 1. As such, Sanchez, individually, is not and cannot be a

"corporate officer" with a "substantial ownership interest" in any of the Tequileño Entities or the Tequila Defendants subjecting him to personal liability under *Saavedra*, or otherwise.

As stated, Sanchez does not own either of the Tequila's restaurants where Fuentes worked. Motion, Ex. A, ¶ 5. Sanchez has worked exclusively with the Tequileño Entities since January 1, 2016. *Id.* at ¶ 6. Fuentes did not even start working for the Tequila's entities until October 22, 2016, more than ten months after Sanchez's departure. Second Am. Cmplt. (Doc. 63), ¶ 54. Because Sanchez did not work for Fuentes' employer during Fuentes' employment, Sanchez never had the power to hire or fire Fuentes, supervise him or control his schedule or conditions, determine his rate and method of payment, or maintain Fuentes' employment records. Motion, Ex. A, at ¶ 9. Fuentes' alleged injuries are not traceable to Sanchez (or the Tequileño Entities) and cannot be redressed by him. Fuentes does not have standing to assert claims against Sanchez under the FLSA.

The Court should reject the Magistrate Judge's findings that Fuentes has established a plausible employer-employee relationship with Fuentes and should dismiss Fuentes' claims against Sanchez with prejudice.

**V.    Alternative Objections With Respect To The Magistrate Judge's Finding That The Employer-Employee Relationship Is Not A Jurisdictional Requirement Under The FLSA.**

The Tequileño Defendants maintain that the existence of an employer-employee relationship is a jurisdictional requirement under the FLSA and that the Magistrate Judge

erred in his failure to analyze this issue under Rule 12(b)(1). *Murphy, supra.* Indeed, as set forth above, there is substantial support for this conclusion.

However, should this Court decline to follow the reasoning in *Murphy*, the Tequileño Defendants alternatively submit that, at the very least, the existence of an employer-employee relationship is *both* jurisdictional *and* substantive, and that the Magistrate Judge erred in his analysis on this basis. "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined. In that situation, a court is required to convert the Rule 12(b)(1) motion into a Rule 56 summary judgment motion." *See Glunt,* 2014 WL 536956, at *2 (citations omitted) (Converting Rule 12(b)(1) motion to Rule 56 motion for summary judgment upon determination that fulfillment of definition of enterprise with respect to $500,000 minimum gross sales was necessary for jurisdiction.); *accord Pringle v. United States,* 208 F.3d 1220, 1223 (10th Cir. 2000) (Where jurisdictional question requires resolution of aspect of the substantive claim, a Rule 12(b)(1) motion to dismiss must be converted to one for summary judgment).

As set forth in Section II, above, this Court should reject the Magistrate Judge's Recommendation that subject matter jurisdiction under the FLSA is not dependent upon an employer-employee relationship. In the alternative, this Court should reject the Magistrate Judge's Recommendation, and convert the Tequileño Defendants' Rule 12(b)(1) motion into a motion for summary judgment under Rule 56 because, at the very least, the existence of an employer-employee relationship is both jurisdictional and substantive.

## VI. The Magistrate Judge Erred For The Reasons Set Forth In The Tequila's Defendant's Objections.

In addition to the objections set forth above, the Tequileño Defendants adopt and incorporate the Tequila's Defendants' Objections to Recommendation of United States Magistrate Judge as though fully set forth herein.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the Tequila's Defendants' Objections to Recommendation of United States Magistrate Judge, the Tequileño Entities and Rodrigo Sanchez respectfully request this Court to reject the Recommendation of United States Magistrate Judge (Doc. 114) and grant their Motion to Dismiss Second Amended Complaint (Doc. 81), dismissing with prejudice Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or Rule 56.

ALTERNATIVELY, or in addition, as the case may be, the Tequileño Entities and Rodrigo Sanchez request this Court:

(a)　Reject the Recommendation and dismiss Fuentes' claims against the Tequileño Entities and Rodrigo Sanchez, with prejudice, for failure to state a claim as a matter of law against any of them, much less each of them;

(b)　Dismiss the Tequileño Entities and Rodrigo Sanchez with prejudice, as a matter of law, because Plaintiff failed to plausibly allege an employer-employee relationship with any of them, much less each of them; or

(c)　Receive further evidence as to this Court's subject matter jurisdiction over the Tequileño Defendants, and each of them; and

(c)　For such other and further relief as this Court deems just.

Respectfully submitted on the 9th day of January, 2018.

                                              By:  *s/Christine K. Lamb*
                                                    Christine K. Lamb, Atty. No. 30326
                                                    FORTIS LAW PARTNERS, LLC
                                                    1900 Wazee Street, Suite 300
                                                    Telephone: (720) 904-6000
                                                    Facsimile: (303) 295-9701
                                                    Denver, CO 80202
                                                    clamb@fortislawpartners.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2018, I electronically filed the foregoing **TEQUILEÑO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMMENDATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Penn Dodson
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY  10004

*s/Patricia Foos*
Patricia Foos
FORTIS LAW PARTNERS LLC
1900 Wazee Street, Suite 300
Denver, CO 80202
Telephone: (720) 904-6000
Facsimile: (303) 295-9701
Email: pfoos@fortislawpartners.com