IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:17-cv-01180-CMA-MEH

JAIME FUENTES,
in his individual capacity and on behalf of others similarly situated,

        Plaintiff,

v.

COMPADRES, INC., d/b/a Tequila's (Golden);
TEQUILAS THORNTON NUMBER 6, LLC, d/b/a Tequila's (Thornton);
TEQUILAS OF THORNTON LLC, f/d/b/a Tequila's (Thornton);
EL AGAVE AZUL, INC.  d/b/a El Tequileño (Arvada);
EL NOPAL, INC. d/b/a El Tequileño (Lakewood);
EL TEQUILEÑO #1 d/b/a El Tequileño (Aurora);
JOSE RAIGOZA DEJESUS GARCIA, an individual, and
RODRIGO SANCHEZ, an individual,

        Defendants.

---

## TEQUILA'S DEFENDANTS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Compadres, Inc., Tequilas Thornton Number 6, LLC, Tequilas of Thornton, LLC, and Jose Garcia (collectively "Tequila's Defendants") submit the within objections to the Magistrate Judge's ruling entered on December 12, 2017, as follows:

### I.    Procedural Posture and Standard of Review.

On December 12, 2017, United States Magistrate Judge Michael Hegarty issued a Recommendation on two Motions to Dismiss ("Motions") all claims against all Defendants brought by Plaintiff Jaime Fuentes ("Plaintiff") in Plaintiff's Second Amended Complaint. Since these Motions are dispositive, Fed. R. Civ. P. 72(b) applies. Under this

Rule, a party may serve and file "specific written objections to the proposed findings and recommendations." Pursuant to Rule 72(b)(3), the District Court must consider *de novo* any part of Magistrate Judge Hegarty's Recommendation properly objected to and may accept, reject, or modify the Recommendation, receive further evidence, or return the matter to the Magistrate Judge with instructions.

## II. The Magistrate Judge erroneously determined that the employer-employee relationship is not a jurisdictional issue under the FLSA.

In a detailed analysis in pages 9-14 of the Recommendation, Magistrate Judge Hegarty reviewed many cases and determined that the employment relationship under the FLSA is not a jurisdictional issue, but rather an element of Plaintiff's FLSA claim. Respectfully, this ruling is in error. In support of this ruling, Magistrate Judge Hegarty cited cases finding that the employment relationship is jurisdictional, including a case from the District of Colorado. *See* Recommendation, at 9 (citing, *inter alia*, *Murphy v. Allstaff Med. Res., Inc.*, No. 16-cv-02370-WJM, 2017 WL 2224530, at *3 (D. Colo. May 22, 2017)). However, Magistrate Judge Hegarty concluded that it was unclear how the Tenth Circuit would rule and recommended against construing the issue as jurisdictional. Recommendation, at 12, 14.

Contrastingly, the decisions favoring the Tequila's Defendants position are more applicable and persuasive because they focus on the FLSA's jurisdictional provision at 29 U.S.C. § 216(b) or the Supreme Court's three-element standing requirement, rather than the definitions section at 29 U.S.C. § 203 that is the subject of contrary cases. *See Gilbert v. Freshbikes, LLC, 32 F.Supp.3d 594, 601 (D.Md. 2014); Fuqua v. Celebrity*

2

*Enters., Inc.,* No. 12-cv-00208-WJM, 2012 WL 4088857, at *2 (D. Colo. Sept. 17, 2012);

*Johnson v. Unified Government of Wyandotte County/Kansas City, Kansas*, 371 F.3d

723, 729 (10th Cir. 2004); *Roman v. Guapos III, Inc.*, 970 F.Supp.2d 407, 412 (D.Md.

2013). Section 216(b)'s focus on the employer-employee relationship makes sense in

light of the Supreme Court's three-elements to establish standing (which imply a

*relationship* between the employee and alleged employer), whereas relying only on

FLSA's definitions section risks ignoring, or worse, circumventing these elements.

Accordingly, Magistrate Judge Hegarty erred in holding that Plaintiff sufficiently alleged

an employee-employer relationship between Plaintiff and the various defendants, which

subject is properly considered a jurisdictional matter.

### III.    Magistrate Judge Hegarty erroneously determined that Plaintiff plausibly alleged that Tequila's of Thornton was Plaintiff's "employer" under the FLSA.

At pages 14-27, Magistrate Judge Hegarty analyzed whether Plaintiff plausibly

alleged that he was ever an employee of Tequila's of Thornton, LLC ("Tequila's of

Thornton") and the Tequileño Defendants. Again, Magistrate Judge Hegarty correctly

found that the economic realities test served as the standard for determining whether an

employment relationship exists in the context of an FLSA claim. *See* Recommendation,

at 18, 23. However, Magistrate Judge Hegarty arrived at an incorrect conclusion

concerning Tequila's of Thornton.

Magistrate Judge Hegarty carefully parsed the allegations in the Complaint that

"may be pertinent" to Plaintiff's plausible employment relationship with the Tequileño

3

Defendants and Tequila's of Thornton. *See* Recommendation, at 19-22. That said, Magistrate Judge Hegarty identified only a handful of allegations specifically regarding Tequila's of Thornton and summarized these allegations on Page 26 of the Recommendation. These allegations are that Tequila's of Thornton is a "real estate holding company," that Sanchez and Garcia own Tequila's of Thornton, that Tequila's of Thornton is "affiliated" with the Thornton restaurant, and that Tequila's of Thornton is located at Sanchez's residence. Thus, Magistrate Judge Hegarty appears to have overlooked some of Plaintiff's allegations regarding Tequila's of Thornton.  Specifically, according to the Complaint at ¶ 21, Garcia is the 100% owner and no portion of the Complaint states that Tequila's of Thornton is "affiliated" with any specific entity other than serving as a real estate holding company for the Thornton location.

While the foregoing allegations plausibly allege some association or relationship between Tequila's of Thornton and other Defendants, none implicate any of the factors for the economic realities test that applies when determining whether Plaintiff plausibly stated that he is an "employee" of Tequila's of Thornton. It appears that Magistrate Judge Hegarty did not consider any of the factors in the economic realities test with regard to Tequila's of Thornton. Instead, Magistrate Judge Hegarty found that Plaintiff alleged a plausible employment relationship with Tequila's of Thornton only because Plaintiff alleged a business association between Tequila's of Thornton and other defendants. This result is inconsistent with Magistrate Judge Hegarty's own rejection of the "single employer" theory in favor of the economic realities test and instead employs a "guilt by

association" standard. *See* Recommendation, at 17-18.  For these reasons, the Tequila's Defendants respectfully object to this Recommendation of Magistrate Judge Hegarty.

For further objection, the Tequila's Defendants hereby incorporate the Tequileño Defendants' argument in the Tequileño Defendants' Objections to Magistrate Judge Judge's Recommendations. For the reasons stated in the Tequileño Defendants' Objections and the reasons stated herein, the District Court should reject Magistrate Judge Hegarty's recommendation and dismiss Plaintiff's FLSA claims against Tequila's of Thornton as a matter of subject matter jurisdiction.

## IV.   Magistrate Judge Hegarty erred in determining that Plaintiff plausibly alleged that Defendants constitute an "enterprise engaged in commerce" and that Plaintiff is individually engaged in commerce.

For any Defendants to be subject to the FLSA as an enterprise, Plaintiff must show that Defendants are an "enterprise engaged in commerce." 29 U.S.C. § 203(s)(1).  In addition to a requirement of $500,000 in sales or business, the definition requires that the enterprise "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1). Plaintiff may also show that the FLSA covers him individually by showing that he "directly participates in the actual movement of persons or goods in interstate commerce." *Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 Fed. Appx. 805, 809 (10th Cir. 2012).

In their Motion to Dismiss, the Tequila's Defendants noted that Plaintiff made no

allegations at all invoking the definition of "enterprise engaged in commerce" codified at 29 U.S.C. § 203(s)(1). *See Motion*, Docket No 80, at 11-12. Perhaps in recognition of this fact, Magistrate Judge Hegarty focused on Plaintiff's allegations regarding the activities of Plaintiff himself and other employees, rather than the activities of the business. *See Recommendation*, at 29 last 10 lines. Magistrate Judge Hegarty then decided that since Plaintiff and others like him were "engaged in commerce" as individuals, the business must be engaged in commerce as well. As explained below, this was error.

A.  <u>Magistrate Judge Hegarty erred in determining that Plaintiff was individually engaged in commerce.</u>

Plaintiff's sole allegations regarding his interstate commerce activities (other than the general fact that he worked in the restaurants) are that he "handled food and other supplies that originated outside of Colorado, and he utilized Defendants' credit card machine to process payments." *See* Complaint, ¶ 59. Under controlling Tenth Circuit precedent, handing food and supplies that have been delivered for use in the business does not constitute an "interstate commerce" activity. *See Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 Fed. Appx. 805, 809 (10th Cir. 2012) ("[Plaintiff's] assertion that she handled goods that traveled in interstate commerce is conclusory. Even if the goods had traveled in interstate commerce, she did not engage in commerce, because the FLSA does not include goods after their delivery into the actual physical possession of the ultimate consumer.") (internal quotation marks omitted) (citing 29 U.S.C. § 203(i)). As further described in the *Reagor* case, the individual must "directly participate" in moving goods through commerce. *Id.* In their Motion to Dismiss, the Tequila's Defendants cited

multiple additional decisions finding that as a matter of law, local restaurant workers such as Plaintiff are not "engaged in commerce." *See* Motion, Docket No. 80, at 10-11. These precedents apply to the instant case because, there are no allegations that Defendant's operations lie anywhere outside Colorado. *See* Recommendation, at 29.

Additionally, and practically speaking, an employee's mere "handling" or "using" goods that have moved in commerce cannot be the test for FLSA coverage. In recognition that "handling" goods which moved in commerce is unavoidable in 21st America, the federal regulations implementing the FLSA clarify that "handle" refers to value-generating actions such as "sort, screen, grade, store, pack, label, address, transport, deliver," etc. 29 C.F.R. § 779.240(b). Thus, the word "handle" in the FLSA does not mean "use," "pick up," or serve food and drink to local restaurant customers. To find otherwise unjustifiably expands the FLSA's scope to all workers who, as part of their job duties, simply "handle" an item that originated out-of-state, no matter how isolated and local their employer's business is. This view would bring practically all employees in the country within the ambit of the FLSA.

Magistrate Judge Hegarty did not address cases cited by the Tequila's Defendants and apparently focused on Plaintiff's alleged use of the credit card machine, finding that this, combined with handling food and supplies, constituted "engagement in commerce." *See* Recommendation, at 29. Magistrate Judge Hegarty cites a New Mexico case in support of his conclusion that using a credit card machine is sufficient.  However, this case is not persuasive because it involved a determination by the Obama-era Department

of Labor, which the English-challenged *pro se* defendant apparently did not even oppose. *See Perez v. ZL Restaurant Corp.*, 81 F.Supp.3d 1062, 1067 (D.N.M. 2014) (noting that due to the defendant's procedural failings, the court disregarded the bulk of defendant's opposition to the Department of Labor's motion for summary judgment). The *Perez* case also fails to appreciate that credit cards are simply a payment system that does not involve the creation or movement of goods or services in any way. Processing restaurant patrons' payments via the ubiquitous credit card system hardly constitutes participation in "interstate commerce."

For these reasons, Magistrate Judge Hegarty erred in finding that Plaintiff, a waiter/bartender at a local restaurant, plausibly alleged he, individually, was "engaged in interstate commerce."

B. Magistrate Judge Hegarty erred in determining that Defendants constitute an "enterprise engaged in commerce."

Magistrate Judge Hegarty decided that Defendants necessarily meet the requirement of Section 203(s)(1)(A) (and are therefore an "enterprise engaged in commerce") because Defendants employed Plaintiff and the other putative collective action members who themselves are engaged in commerce. *See Recommendation*, at 29. As described above, Magistrate Judge Hegarty erroneously determined that Plaintiff is "engaged in commerce." Thus, it was further error to bootstrap such result into a finding that Defendants are an enterprise engaged in commerce.

Furthermore, Plaintiff has alleged no allegations that any Defendant operates outside Colorado or sells goods in interstate commerce. The fact is, Defendants are, at

most, a local chain or group of restaurants. Many courts have found that local restaurants and other local businesses are simply not sufficiently engaged in interstate commerce to trigger FLSA enterprise coverage. *See Monelus v. Tocodrian, Inc.*, 598 F.Supp.2d 1312, 1315 (S.D.Fla.2008) (collecting many cases). For these reasons also, Defendants request that the Court recognize that the FLSA's reach does have a limit, and find that Plaintiff fails to plausibly allege that Defendants and himself are subject to the FLSA.

**V.      Magistrate Judge Hegarty erred in not recommending dismissal of the record-keeping claim.**

Magistrate Judge Hegarty agreed with the Tequila's Defendants that the FLSA affords no cause of action for alleged recordkeeping failures. Accordingly, Magistrate Judge Hegarty erred in not recommending that such claims be dismissed.

WHEREFORE, the Tequila's Defendants respectfully request that the Court dismiss Plaintiff's FLSA claims in their entirety for failure to plausibly allege that Plaintiff, individually, and Defendants, as an enterprise, were engaged in interstate commerce. As a result of such dismissal, the Court should furthermore dismiss the supplemental state law Colorado Wage Claim Act claims for lack of subject matter jurisdiction.

ALTERNATIVELY, should the Court decline to dismiss this entire matter for Plaintiff's failure to adequately plead FLSA coverage, the Court should:

(1) Dismiss Tequila's of Thornton, LLC as a matter of jurisdiction because Plaintiff failed to plausibly allege an employer-employee relationship with this Defendant; and

(2) Dismiss Plaintiff's FLSA claim for recordkeeping failures since no such claim exists; and

(3) Adopt Magistrate Judge Hegarty's recommendation that the Individual Defendants cannot be liable under the Colorado Wage Claim Act and dismiss the Individual Defendants on this basis.

Respectfully submitted this 9th day of January 2018.

KARP NEU HANLON, P.C.

*s/ James F. Fosnaught*
James F. Fosnaught, Reg. No. 31820
201 14th Street, Suite 200
Glenwood Springs, CO 81601
Phone: (970) 945-2261
Facsimile: (970) 945-7336
jff@mountainlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January 2018, I served the foregoing by way of the CM/ECF system:

Penn Dodson, Esq.
Anderson Dodson, P.C.
11 Broadway, Suite 615
New York, NY 10004

Christine Lamb, Esq.
Fortis Law Partners, LLC
1900 Wazee Street, Suite 300
Denver, CO 80202

*s/ Erika Watkins*
Erika Watkins