## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Case No. 1:17-cv-01180-CMA-MEH**

**JAIME FUENTES,**
in his individual capacity and on behalf of others similarly situated,

### Plaintiff,

**v.**

**COMPADRES, INC.,** d/b/a Tequila's (Golden);
**TEQUILAS THORNTON NUMBER 6, LLC,** d/b/a Tequila's (Thornton);
**TEQUILAS OF THORNTON LLC** (Thornton);
**EL AGAVE AZUL, INC.** d/b/a El Tequileño (Arvada);
**EL NOPAL, INC.** d/b/a El Tequileño (Lakewood);
**EL TEQUILENO #1** d/b/a El Tequileño (Aurora);
**JOSE RAIGOZA DEJESUS GARCIA,** an individual, and
**RODRIGO SANCHEZ,** an individual,

### Defendants.

---

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

---

## I.  INTRODUCTION

While reserving his rights to respond to any objections to the Report and Recommendation that Defendants may raise, Plaintiff argues herein that it is improper to dismiss the Colorado Wage claims against the individual Defendants. Plaintiff also reiterates his position below that defendants' inclusion in a case is a matter of substance not of jurisdiction and therefore is not ripe for Rule 12 dismissal.

## II.  THE CWA CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD NOT BE DISMISSED

Magistrate Judge Hegarty recommended dismissing the Colorado Wage Act claims as to the two individual Defendants based on a 2003 Colorado Supreme Court holding, answering a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

certified question, that "Upon review of the language, design, purpose, and construct of Colorado's Wage Claim Act, we conclude that the General Assembly did not intend to impose personal liability on corporate officers and agents for payment of earned, but unpaid, wages and other compensation the corporation owes to employees." *Leonard v. McMorris*, 63 P.3d 323, 326 (Colo. 2003).

Plaintiff contends that as a matter of law, it is improper to dismiss the CWA claims against these individuals, for two reasons. First, the holding of *Leonard* did not hold that as a matter of statutory interpretation and legislative history that individuals can *never* bear liability under the CWA, but merely that in the facts present in that case, liability did not attach against "officers" of the corporation. It did not address whether in their capacity as "persons" individuals may be held responsible. For the reasons described below this case is distinguishable and, in line with the legislative history described in *Leonard,* it is proper to keep the CWA claims against the individual Defendants, under an economic realities framework as has been adopted in CWA claims against individuals.

Secondly, as also addressed in *Leonard,* the individual Defendants should not be dismissed under state corporations law, as opposed to under the CWA directly. Generally, corporate forms shield its agents and investors from many liabilities. However, there are exceptions to that general rule (such as when an individual's conduct is found to be "intentional, unauthorized, and self-serving" or when a party successfully "pierces the corporate veil" as described in Plaintiff's Response to Defendants' Motions to Dismiss, Dkt. 89 pp. 11-14. Here, because Plaintiff has made sufficient allegations regarding the individuals' conduct that could, if proven as alleged, rise to this level, dismissal of the claim at the Rule 12 stage is improper as an additional and/or alternative ground to the individuals inclusion as joint "employers" under the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 2

CWA's statutory defintion.

**A.** **The Holding of _Leonard_ Is Not "Individuals Are Never 'Employers' Under the CWCA," But Rather "Individuals Are Not Always 'Employers' Under the CWCA"**

Thankfully the undersigned's days as a symbolic logic teaching assistant in college are finally of some use: "Not all" is _not_ the same as "none." In _Leonard_, the Colorado Supreme Court said that

> Leonard contends that the plain language of Colorado's Wage Claim Act imposes individual liability on all corporate officers and agents, in all circumstances, for payment of the wages and other compensation the corporation does not pay to employees. We disagree. The plain language of the Wage Claim Act does not say this.

_Leonard_, 63 P.3d at 326.

Importantly, the _Leonard_ court premised its opinion on its reading of questions of whether the "officers" and/or "agents" of the defendant corporation bore personal liability – the _Leonard_ court did not expressly examine whether the individuals in question bore personal liability simply as "persons."

In _Leonard_, a huge company was at issue, with corporate officers far removed from the day-to-day operations and from how those plaintiffs were paid: "The plaintiffs in this case (Leonard) are former employees of NationsWay. The defendants (McMorris) were corporate officers of NationsWay. NationsWay was one of the largest privately held trucking companies in the United States. In May of 1999, NationsWay had more than 3,200 employees in forty-three different states." _Id_. at 325. The issue was that the corporation had gone bankrupt and the plaintiffs wanted to make a recovery from certain individuals thereafter. There was no reference to any of the relevant individuals having been directly involved in the underpayments, but rather whether as a matter of agency they bore the debts of the corporation with which they were affiliated.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

_Fuentes v. Tequila's Family Mexican Restaurant_
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 3

After reviewing the changes to the statutory definitions of the term "employer" from the 1901 version (corporations only) to the 1919 version (corporations plus quasi-corporations) to the 1959 (and still current) version ("every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado"[1]), the court made the following statement:

> When we view the "employer" definition in the context of the Wage Claim Act as a whole, we find that the General Assembly's evident purpose was to make the Act applicable to other entities and persons, beyond just corporations and quasi-public corporations.   Nonetheless, ***the Wage Claim Act focuses on the liability of the entity <u>or person</u> who created and maintained the employment relationship for payment of the wages and compensation due and payable*** under the employment contract.

*Id*. at 63 P.3d at 328 (emphasis added).   Here, unlike the attenuated and distant relationship between the corporate officers of a corporation spanning 43 states and employing 3200 people, Plaintiff has more than sufficiently alleged that the individual Defendants Sanchez and Garcia "created and maintained the employment relationship for payment of the wages and compensation due and payable under the employment contract."

In other words, under the CWA and *Leonard*, a "person" may indeed be deemed an "employer" under the statutory definition.   However, mere title as "officer" or "agent" is not on its own enough for an individual to qualify as an "employer."   This is true under federal law as well – an analysis must be undertaken to determine whether the individual meets the requisite definition of employer and therefore becomes jointly liable.   Under federal law, that test has become known, of course, as the "economic realities" test.   Under that analysis, not all named individuals are in fact found to be employers.   However, some are, because they meet the requisite tests.

---

[1] § 8-4-101(6), 3 C.R.S. (2002).

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 4

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

In fact, District Judge Raymond P. Moore has expressly found that the CWA can apply to individuals where the "economic reality" of the situation warrants it. *Mason v. Fantasy, LLC*, Civil Action No. 13-cv-02020-RM-KLM (D. Colo. Jul. 27, 2015). In that FLSA and CWA case, exotic dancers classified as independent contractors were making wage claims against the club and its principal. *Id*. Ultimately the Court concluded that "if the Court determines the Dancers to be 'employees' under the respective laws [as opposed to 'independent contractors'], Eardley and Fantasy are both 'employers' under the respective wage acts [i.e. FLSA and CWA]." *Id*. In reaching that holding, he had found that the individual was the sole owner and member of the corporation; acted directly or indirectly in the interest of the corporation in relation to the plaintiffs; had hiring and firing authority; created the company's rules, some of which might relate to various laws and/or ordinances; rule enforcement was in his sole discretion and/or the employees to whom he delegated such authority; he intentionally classified the dancers as independent contractors based on models from other clubs; and he retained all responsibility and authority over the company's financial matters. *Id*. There was no mention of his status of "officer" or "agent" – the analysis was as to him as a "person."

In addition, this interpretation of the concept of "person" as "employer" is consistent with how other states have interpreted similar state statutes' definitions. For example, New York's wage law statute's definition section's terminology is extremely similar to that of Colorado's, so its jurisprudence is particularly instructive. Below are the two wage statutes' definitions, for the sake of comparison:

**NYLL § 190(3):**
"Employer" includes any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service...

**Colorado Wage Act § 8-4-101(6):**
"Employer" means every person, firm, partnership, association, corporation, migratory

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 5

field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado. . .

As seen above, the only word that refers to an individual in New York's definition is simply the word "person"; Colorado's arguably elaborates as if to make sure that it is clear that an individual – namely a "person," an "agent," or an "officer" – are among the entities that can be held accountable for unpaid wages (unlike in the 1901 and 1919 versions of the law that only included corporations and quasi-corporations).   In addition, the statute chooses to use the word "every" in qualifying which entities can be considered. Indeed, more than one entity can be held responsible, under a joint employer theory.  *Solis v. Circle Grp., LLC*, Civil Action No. 16-cv-01329-RBJ (D. Colo. Apr. 5, 2017) (denying defendants' motion to dismiss a secondary corporate entity), *Evans v. Loveland Auto. Investments, Inc*., No. 13-CV-2415-WJM-KMT, 2015 WL 161295, at *3-4 (D. Colo. Jan. 13, 2015).   However, just because several types of entities can be included as "employers" responsible for wage underpayments, that does not mean that they always are just because they are "agents" or "officers" like the *Leonard* plaintiffs wanted to be the case.

In New York, it is without question that an individual can be held personally liable for wage underpayments under the New York Labor Law, and simply adopts the same analysis as that for the FLSA, i.e. the economic realities test.  See, e.g. *Chen v. Street Beat Sportswear, Inc*. (E.D.N.Y. 2005), 364 F.Supp.2d 269, 277(E.D.N.Y. 2005) (collecting cites); see also *In Re Ovadia*, 81 A.D.3d 457 (N.Y. App. Div. 2011) ("Respondents correctly relied on federal law in determining whether petitioners were the claimants' employers []. The definition of "employer" is the same under New York State and federal law (see Labor Law § 2; § 190 [3]; 29 USC § 203 [d]). [T]he test for determining whether an entity or person is an `employer` is the same under

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 6

New York State and federal law.")  This is true even though there is also another statute under New York's Business Corporations Code (separate from the Labor Law) holding that if a wage underpayment judgment is not paid, a plaintiff may go after the top ten shareholders of the corporation.  Bus. Corp. Law § 663.  In other words, as a matter of statutory corporations law an underpaid employee can go after shareholders in some cases, but before that employees can properly include individuals as additional "employers" in their primary wage claims.

In both New York and Colorado, much of the emphasis in fleshing out the definitions is also on the employees – does the putative "employer" do something to employ the "employee", or not?  Under Colorado law, "'Employee' means any person, including a migratory laborer, performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed."  Colorado Wage Act § 8-4-101(6).

On this basis, the case at bar is distinguishable from the facts present in *Leonard*.  Here, Plaintiff has sufficiently alleged that the individuals can question can "command when, where, and how much work is to be performed" by the workers; and that they "created and maintained the employment relationship for payment of the wages and compensation due and payable under the employment contract."  These phrases are descriptive of what the "economic reality" of the relationship was.  Therefore, even though individual liability may not have attached to the distant corporate officers in *Leonard*, that does not mean that it may not attach here.  On that basis, Defendants' motions to dismiss the CWA claims against the individual defendants should be denied.

B. **Under Principles of General Corporations Law Individuals Can Sometimes Be Held Responsible**

Setting aside the statutory language and legislative history of the CWA, as an additional

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 7

or alternative analytical framework providing separate grounds for the individual Defendants' continued inclusion, under general principles of corporations law, there are exceptions to the general presumption that individuals are shielded from personal liability by the presence of a corporate entity.

> [A]s a general rule, "[n]either members nor managers of an LLC are personally liable for debts incurred by the LLC." Id.(citing § 7–80–705, C.R.S. (2016) ). "Insulation from individual liability is an inherent purpose of incorporation; only extraordinary circumstances justify disregarding the corporate entity to impose personal liability." *Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003). Under some circumstances, however, a court may "pierce the corporate veil" to impose liability on an LLC's members. *Id*.; § 7–80–107, C.R.S. (2016).

*Griffith v. SSC Pueblo Belmont Operating Co.*, 381 P.3d 308 (Colo. 2016).

Even *Leonard* recognized that in some situations, setting aside the language of the CWA altogether, as a matter of general corporations law sometimes individuals can be held personally liable. It then proceeded to describe the analysis for what is required in order to pierce the corporate veil. As described in plaintiff's previous submissions on this issue [Dkt. 89, pp. 11-14], liability may properly attach either where it is proper to pierce the corporate veil or where the individual defendant's actions are "not merely negligent and... not taken to benefit [his company] but... intentional, unauthorized, and self-serving." *Rhino Fund, LLP v. Hutchins*, 215 P. 3d 1186, 1193 (Colo. App. 2009). At the motion to dismiss stage, separately from the CWA statutory analysis, it is improper to dismiss the state law claims as against the individuals where it is plausible that Plaintiff may in fact be able to set forth evidence satisfying these standards as to one or both individuals.

### III. DEFENDANTS' INCLUSION IS A SUBSTANTIVE, NOT JURISDICTIONAL, QUESTION

In the vein of *Arbaugh*, there appears to be a split of authority as to whether defendants' inclusion in a wage claim is a jurisdictional or substantive matter. *Arbaugh v. Y & H Corp.*,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 8

546 U.S. 500, 506 (2006). As argued below [Dkt. 89 p. 8], Plaintiff contends that it is a substantive issue and, therefore, not ripe for a Rule 12 dismissal. This is consistent with Chief Judge Marcia S. Krieger's holding cited before. *Perez v. Pinon Mgmt., Inc.*, Civil Action No. 12-cv-00653-MSK-MEH*12(D. Colo. Mar. 19, 2013)(emphasis added) ("Proof of employer status … are elements of her substantive claim, not standalone jurisdictional questions that can be resolved without addressing her underlying substantive claim. … not suitable for resolution under Rule 12(b)(1)).").  Plaintiff reiterates this position here.  At the end of the day, so long as the Defendants all remain included in the action the result is the same as far as Plaintiff is concerned; however, from an analytical perspective we contend that the better way to approach the question is one of substance, not jurisdiction.

Respectfully submitted, this **9th** day of **January, 2018.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*
**Penn A. Dodson**
11 Broadway, Suite 615
New York, NY  10004
212.961.7639 tel
(646)-998-8051 fax
*penn@andersondodson.com*
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Objection to Report and Recommendation
Page 9

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Case No. 1:17-cv-01180-CMA

**JAIME FUENTES,**
in his individual capacity and on behalf of others similarly situated,

### Plaintiff,

**v.**

**COMPADRES, INC.,** d/b/a Tequila's (Golden);
**TEQUILAS THORNTON NUMBER 6, LLC,** d/b/a Tequila's (Thornton);
**TEQUILAS OF THORNTON LLC** (Thornton);
**EL AGAVE AZUL, INC.** d/b/a El Tequileño (Arvada);
**EL NOPAL, INC.** d/b/a El Tequileño (Lakewood);
**EL TEQUILENO #1** d/b/a El Tequileño (Aurora);
**JOSE RAIGOZA DEJESUS GARCIA,** an individual, and
**RODRIGO SANCHEZ,** an individual,

### Defendants.

---

## CERTIFICATE OF SERVICE

---

    I hereby certify that on this **9th** day of **January, 2018**, I caused **Plaintiff's Objection to Report and Recommendation** to be filed via ECF which will ensure delivery to the following counsel for the defendants:

James F. Fosnaught, Esq.                    Christine K. Lamb, Esq.
Shoshana Rosenthal, Esq.                    FORTIS LAW PARTNERS, LLC
KARP NEU HANLON, P.C.                        clamb@fortislawpartners.com
jff@mountainlawfirm.com                      1900 Wazee St.
201 14th St., Suite 200                      Suite 300
Glenwood Springs, CO 81601                   Denver, CO 80202

Attorney for Defendants:                     Attorney for Defendants:
Compadres, Inc.                              El Tequileño #1
Tequilas Thornton No. 6, LLC                 El Nopal, Inc.
Tequilas of Thornton LLC                     El Agave Azul, Inc.
Jose Raigoza DeJesus Garcias                 Rodrigo Sanchez

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.

/s/ Penn A. Dodson
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*          P's Objection to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)                                              Page 2