IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:17-cv-01180-CMA-MEH

JAIME FUENTES,
in his individual capacity and on behalf of others similarly situated,

Plaintiff,

v.

COMPADRES, INC., d/b/a Tequila's (Golden);
TEQUILAS THORNTON NUMBER 6, LLC, d/b/a Tequila's (Thornton);
TEQUILAS OF THORNTON LLC, f/d/b/a Tequila's (Thornton);
EL AGAVE AZUL, INC.  d/b/a El Tequileño (Arvada);
EL NOPAL, INC. d/b/a El Tequileño (Lakewood);
EL TEQUILEÑO #1 d/b/a El Tequileño (Aurora);
JOSE RAIGOZA DEJESUS GARCIA, an individual, and
RODRIGO SANCHEZ, an individual,

Defendants.

---

## TEQUILA'S DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

---

Compadres, Inc., Tequilas Thornton Number 6, LLC, Tequilas of Thornton, LLC, and Jose Garcia (collectively "Tequila's Defendants") submit the following Response to Plaintiff's Objection to Report and Recommendation ("Plaintiff's Objection") [ECF 121] pursuant to Fed. R. Civ. P. 72(b)(2).

### 1. Officers And Agents Of A Corporation Are Not Individually Liable Under The CWA.

Magistrate Judge Hegarty properly recommended dismissal of Plaintiff's Colorado Wage Act ("CWA") claims against Jose Raigoza Dejesus Garcia and Rodrigo Sanchez, individually.  Plaintiff objects to the dismissals and, specifically, to Magistrate Judge

Hegarty's reliance upon *Leonard v. McMorris,* 63 P.3d 323 (Colo. 2003) in dismissing these claims on two grounds.  First, Plaintiff argues that dismissal of the CWA claims against the individuals was improper because *Leonard* did not hold that individuals can *never* bear liability under the CWA, but only that liability did not attach against "officers" of the corporation. Next, Plaintiff contends that Mr. Garcia and Mr. Sanchez should be held personally liable under a veil-piercing theory. However, Plaintiff is wrong on both accounts.

As clearly set forth in *Leonard*, an officer or agent acts for the corporation and is shielded from personal liability when he or she extends an offer of employment, terminates the employment relationship, signs a contract, or otherwise takes actions in furtherance of the company's business. *See Leonard v. McMorris,* 63 P.3d 323, 330 (Colo. 2003).  Thus, contrary to Plaintiff's suggestion that *Leonard* merely applies to shield liability of corporate officers of "huge companies" that are "far removed from the day-to-day operations,"[1] *Leonard* reconciles the CWA with "Colorado's longstanding corporate law" and allows an actor for an entity (whether officer, agent, or person) to maintain the corporate veil absent facts showing the actor created "created the relationship without disclosing the responsible principal corporation to which he answered as an agent."  *Id.*

In the present case, aside from alleging mere ownership interest of the individual Defendants, Plaintiff alleges in his Second Amended Complaint that Defendant Garcia "actively participated in the business of the restaurants," "exercised substantial control

---

[1] *See Plaintiff's Objections at p. 3.*

over the functions of the company's employees" [Para. 23], hired Plaintiff, set his rate of pay, had the authority to fire him, and receive a complaint. [Para. 24].   Plaintiff alleges that Defendant Sanchez served as manager of operations, [Para. 33], was instrumental in setting and executing "various pay-related policies" [Para. 34], and was deemed an employer by the Department of Labor. [Para. 35].

Notably absent from the pleading allegations, however, is any allegation that either individual Defendant created an employment relationship outside of the context of the entity, or otherwise as an agent for the entity employer.   Thus, even if Plaintiff's allegations were true, Plaintiff has failed to allege that either individual Defendant was acting outside of their representative capacity.   *See id.* at 331 (holding that officers were insulated from liability by general principles of agency law where they were not parties to employment contracts, were acting in their representative capacity with actual authority and employees knew the officers were acting for the entity).   For these reasons, Magistrate Judge Hegarty properly relied upon *Leonard* in dismissing the CWA claims against the individual Defendants.

## 2. Plaintiff's mistaken reliance upon the *Mason v. Fantasy, LLC* case

Plaintiff's reliance on *Mason v. Fantasy, LLC*, No. Civ. 13-cv-02020-RM-KLM, 2015 WL 4512327, at *1 (D. Colo. Jul 27, 2015) for the proposition that Judge Moore "expressly found that the CWA can apply to individuals where the 'economic reality' of the situation warrants it" is both misplaced and an incorrect statement of the holding in that case. Notably, *Mason* did not even involve a CWA claim. Rather, the Colorado Minimum

3

Wage Act ("CMWA") C.R.S. 8-6-101 *et seq.* was at issue in that case. *Mason v. Fantasy, LLC,* No. Civ. 13-cv-02020-RM-KLM, 2015 WL 4512327, at *1 (D. Colo. Jul 27, 2015).

And while true, this case borrows from the definitions contained in the CWA in its examination of whether a worker is an employee under the CMWA (*see id.* at *8), the case cannot be credibly cited for a holding necessarily inconsistent with *Leonard:* "…if the Court determines the Dancers to be "employees" *under the respective laws* [FLSA and CMWA], Eardley and Fantasy are both "employers" *under the respective wage acts* [FLSA and CMWA]. *Id.* at *9 (emphasis added). Thus, because *Mason* did not even allege a CWA claim, this case is distinguishable from the present case and should not be relied upon to undermine the law of Colorado as stated in *Leonard.* As recommended by Magistrate Judge Hegarty, the CWA claims against Mr. Garcia and Mr. Sanchez should be dismissed with prejudice.

### 3. New York Legal Authority cited by Plaintiff

Counsel for Plaintiff cites to a statute of her home state of New York for additional legal authority for the proposition that Magistrate Judge Hegarty's dismissal of the individual Defendants was in error. Again relying upon the interpretation rejected by the *Leonard* majority opinion, at pages 5-6 of Plaintiff's Objection, Plaintiff likens the New York wage law statute's definition of "employer" to Colorado's definition, and basically argues that the Colorado Supreme Court in *Leonard* got it wrong.

The *Leonard* case, however, carefully evaluated the Colorado CWA language, and even compared the language to the analogous statutes from Illinois and Kansas.

*Leonard,* 63 P.3d at 327.  The *Leonard* court expressly rejected the plaintiff's proposed plain language assertion, holding that the CWA does not contain language that directly addresses the issue of corporate officer and agent personal liability for paying earned but unpaid wages.  *Id.*  Instead, in the absence of plain or necessarily implied intent to change the pre-existing Colorado corporations law, *Leonard* declined to attribute such an intent to the CWA, determined that the Colorado definition of "employer" was ambiguous as to personal office and agent liability, and turned to the rules of statutory construction to ascertain the General Assembly's intent.  *Id. at 327-328.*  At the end of the day, the Colorado Supreme Court concluded that the legislature did not intend to impose personal liability equal to the corporation's liability. *Id.* at 328, 330.  Thus, notwithstanding New York's statute and accompanying case law that allegedly would impose a different result, the highest Court of Colorado has evaluated this argument and gone the other way.

### 4.  Plaintiff Cannot State A CWA Claim Against The Individual Defendants Under Colorado Corporations Law.

Plaintiff also objects to the Recommendation because "exceptions to the general presumption that individuals are shielded from personal liability by the presence of a corporate entity" exist and apply in this case under "general principles of corporations law." *See* Objection at pp. 7-8.  Citing *Leonard,* Plaintiff proposes a "pierce the corporate veil" theory to argue that the individual Defendants should remain in the case. Specifically, Plaintiff argues that it is improper at the "motion to dismiss stage" to dismiss state law claims against the individual Defendants where it is plausible that Plaintiff may in fact be able to set forth evidence satisfying these standards.  Objections at p. 8.

Fortunately, this very Court has addressed Plaintiff's proposal to wait and see at this "motion to dismiss stage" whether Plaintiff may be able in the future to set forth evidence to pierce the corporate veil.  In *Lopez v. Next Generation Construction & Environmental, LLC,* Civ. 16-cv-00076-CMA-KLM, 2016 WL 6600243 at *3 (D. Colo. Nov. 8, 2016), this Court was presented with a motion to dismiss under Rule 12(b)(6) FLSA, CWA and CMWA claims against the company's founder and CEO on the grounds that the plaintiff had not alleged sufficient facts to pierce the corporate veil.  *Id.* at *1.  Because the complaint in *Lopez* failed to allege facts to support a claim for piercing the corporate veil (no information regarding an alter ego theory, or that the company was a fiction used to perpetuate a fraud, or equitable reasons to disregard the corporate form), this Court granted the motion to dismiss and expressly rejected Plaintiff's proposal to allow "plausibility" to be established later: "[t]hat Lopez may present this information later is insufficient to defeat dismissal under Rule 12(b)(6)."  *Id.* at *3. Here, the Plaintiff has similarly failed to alleged facts supporting a veil piercing theory and, as such, this Court should adopt Judge Hegarty's recommendation that the CWA claims against the individual Defendants be dismissed.

The remainder of Plaintiff's Objections relate to the issue of whether Defendants' inclusion in a wage claim is jurisdictional or substantive, which issue is addressed in Defendants' own Objections to the Recommendation of Magistrate Judge Hegarty.  *See* ECF 120, pp. 2-3; ECF 119, pp. 2-7.

For the reasons, Defendants respectfully request that the Court overrule Plaintiff's

Objections to the Recommendations of U.S. Magistrate Judge Hegarty, and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted this 23rd day of January, 2018.

KARP NEU HANLON, P.C.

s/ James F. Fosnaught
James F. Fosnaught, Reg. No. 31820
201 14th Street, Suite 200
Glenwood Springs, CO 81601
Phone: (970) 945-2261
Facsimile: (970) 945-7336
jff@mountainlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2018, I served the foregoing by way of the CM/ECF system:

Penn Dodson, Esq.
Alexander Gastman, Esq.
Anderson Dodson, P.C.
11 Broadway, Suite 615
New York, NY 10004

s/ Shoshana Rosenthal