**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Case No. 1:17-cv-01180-CMA-MEH**

**JAIME FUENTES,**
in his individual capacity and on behalf of others similarly situated,

    **Plaintiff,**

v.

**COMPADRES, INC.**, d/b/a Tequila's (Golden);
**TEQUILAS THORNTON NUMBER 6, LLC**, d/b/a Tequila's (Thornton);
**TEQUILAS OF THORNTON LLC** (Thornton);
**EL AGAVE AZUL, INC.** d/b/a El Tequileño (Arvada);
**EL NOPAL, INC.** d/b/a El Tequileño (Lakewood);
**EL TEQUILENO #1** d/b/a El Tequileño (Aurora);
**JOSE RAIGOZA DEJESUS GARCIA,** an individual, and
**RODRIGO SANCHEZ,** an individual,

    **Defendants.**

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

---

**I. INTRODUCTION**

In this Response to the Defendants' objections [Dkt. 119, 120] to the Magistrate's Report and Recommendation [Dkt. 114], Plaintiff advances the following arguments:

1. Defendants' status as "employers" are elements of the claim and are not jurisdictional, as recommended by Magistrate Judge Hegarty;

2. None of the Defendants should be dismissed because they collectively constitute a "single employer" (and that federal common law based concept is proper to adopt in this FLSA context);

3. Even if the court declines to adopt the "single employer" framework, under a "joint employer" analysis they should not be dismissed – under a framework set forth in the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

> Regulations, or alternatively under the "economic realities" framework;

4. Pursuant to the "juridical link doctrine," because this is a [putative] class action case and plaintiff has made allegations of being similarly situated to individuals throughout this "enterprise" (a la § 203(r)) Defendants should not be dismissed; and

5. Under any of the analyses applied, none of the Defendants should be dismissed

6. As to miscellaneous minor issues, the Court should adopt Judge Hegarty's recommendations.

## II. BRIEF RECAP OF THE ARGUMENTS SO FAR

At the risk of oversimplifying, Plaintiff first provides a brief summary of the arguments at issue. Defendants originally argued in their motions to dismiss that the court lacks jurisdiction over five of the eight Defendant entities and therefore should be dismissed. Plaintiff responded by saying primarily that Defendants' inclusion is a substantive, not jurisdictional question, and therefore is not ripe to address at this juncture. Further, Plaintiff also argued that because the named Defendants are related in such a way as to constitute a single integrated enterprise, none should be parsed out and dismissed.

Magistrate Judge Hegarty found that treating the defendants as one singular lump (i.e. a single integrated employer) was not the way to go but instead analyzed the situation as one of joint employers. Then, even though he recommended that the court decline to require a finding of an employer-employee relationship for jurisdictional purposes, as a matter of 12(b)(6) failure to state a claim challenges, he proceeded to find that each of the entities was in fact properly pled for inclusion.

In turn, Defendants have objected by stating that no employer-employee relationship between Fuentes and five of the Defendant entities existed and reiterated their requests for their dismissal.

In order to respond to the Defendants' objections, it is important to take a step back, separate out the various intersecting issues, and look each of them in turn.

### III. ARGUMENTS

#### A. The Single Employer Doctrine Applies To the FLSA Context

The Tenth Circuit has indicated that the "single [integrated] employer"[1] doctrine is a matter of federal common law, distinct from statutory analysis:

> In addition to the statutory definition of "employer" [under the Multiemployer Pension Plan Amendment Act ("MPPAA")]…, courts may also treat separate entities as a single employer under two tests developed through federal common law: the single-employer test and the alter ego test. These tests are a product of National Labor Relations Board adjudicative decisions and federal common law—they are distinct from the [statutory analysis of the law at issue in this case]…The single-employer test consists of four factors: (1) interrelation of operations; (2) centralized control over labor relations; (3) common management; and (4) common ownership or financial control.

*Ceco Concrete Constr., LLC v. Centennial State Carpenters Pension Trust*, 821 F.3d 1250, 1254 (10th Cir. 2016).

The Tenth Circuit does not appear to have taken a position as to the applicability of the "single employer" doctrine in the FLSA context (yet). It has, however, adopted the use of the test in the context of other employment laws including the MPPAA mentioned above and also Title VII:

> Unlike the "stringent" common law approach, which "tends to exclude the greatest number of persons from Title VII coverage," … courts adopting the single employer test have emphasized that a broad interpretation should be given to the employer and employee provisions of Title VII to effect its remedial purpose. [ ] The single employer test is therefore the approach most urged by plaintiffs in Title VII actions. [] The trend in Title VII cases appears to be in favor of adopting this test.

*Lockard v. Pizza Hut, Inc*, 162 F.3d 1062, 1069 (10th Cir. 1998) (internal citations omitted).

The Supreme Court itself has noted that the FLSA's definition is intended to be construed expansively. *Falk v. Brennan*, 414 U.S. 190, 195(1973) (noting "the expansiveness of the Act's definition of 'employer'").

---

[1] In Plaintiff's previous submissions we used the term "single integrated enterprise." In order to differentiate the concept from application to a context of FLSA coverage, we use the phrase "single integrated employer" here instead, to apply the same concept to the issue of which entities qualify as an "employer" under the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*    P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)                                                    Page 3

Meanwhile, a sister district court has similarly noted that the Second Circuit has not definitively applied the single integrated employer doctrine to the FLSA context. *Yap v. Mooncake Foods, Inc.*, 146 F.Supp.3d 552, 557 (S.D.N.Y. 2015) ("The Second Circuit has never endorsed this theory of liability in the FLSA context, and district courts in this Circuit are divided on its application to FLSA and NYLL cases." citing *Spiciarich v. Mexican Radio Corp.*, No. 14–Cv–9009 (SHS), 2015 WL 4191532, at *5 n. 5 (S.D.N.Y. July 10, 2015) (quoting *Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir.2005)). Nevertheless, *Yap* is directly on point. The questions presented there are nearly identical to those at issue here for relevant purposes – whether two of four corporate defendants in a restaurant chain should be dismissed in an action where the plaintiff had only directly worked for the other two defendants. *Id*. There, the court denied defendants' Rule 12 motion to dismiss the defendants, as follows:

> In so arguing, Plaintiffs rely on the so-called "single integrated enterprise" theory, … according to which "'an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer.'" The Court agrees with Plaintiffs that the theory is at least potentially available in FLSA cases, given the proper evidence.

*Id*. In so holding, the cases this judge cited looked to caselaw developed in non-FLSA contexts. E.g. *Griffin v. Sirva Inc*., 835 F. 3d 283 (2d Cir. Aug. 30, 2016) (discrimination case). Historically, these Title VII cases had in turn borrowed this analysis from a different context, namely the NLRA, as mentioned in the Tenth Circuit *Ceco Concrete* case. *McKenzie v. Davenport-Harris Funeral Home,* 834 F.2d 930, 932 (11th Cir. 1987).

Thus, while the Tenth Circuit may not have directly ruled as to the applicability of the single employer doctrine to the FLSA, it has noted that the doctrine is a function not of statute but of "federal common law" and has applied it to other employment laws. *Ceco Concrete Constr*., 821 F.3d at 1254 (MPPAA); *Lockard,* 162 F.3d at 1069 (Title VII). Further, the Supreme Court has issued guidance that the definition of employer is intended to be applied "expansively." *Falk*, 414

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*  P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)  Page 4

U.S. at 195. All of this taken together, in conjunction with looking at other district court cases applying the single employer doctrine to the FLSA liability context[2] provides ample authority to utilize that concept here as well.

While Judge Hegarty recommended that the court declined Plaintiff's invitation to view the Defendants in tis light, we ask the Court to take another look on these grounds.

### B. The Juridical Link Doctrine: Status As Putative Class Case Affects The Analysis

When a lawsuit is filed as a class action, it must be treated as a class action unless/until the class certification is denied. See *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 n. 7 (11th Cir. 2000) (citing 3B J. Moore, Moore's Federal Practice, 23.50 (2d ed. 1985)) ("In the interim between the commencement of the suit as a class action and the court's determination as to whether it may be so maintained it should be treated as a class suit.").

Here, the Plaintiff did not just file in his own capacity but also on behalf of "others similarly situated." For FRCP 23 purposes, he defined that putative class as follows: "all non-management employees working at the Golden, Thornton, Arvada, Aurora, and/or Lakewood restaurants at any time." Dkt. 63, Second Amended Cplt, ¶ 79. A motion for Rule 23 class certification has not yet been filed, and therefore has not been denied. Further, the Plaintiff has filed a 29 U.S.C. § 216(b) motion that further elucidates the basis upon which the Plaintiff asserts his status as being "similarly situated" to other workers – including those working at other restaurant locations. Dkt. 94.

---

[2] See e.g. *Creech v. P.J. Wichita, LLC*, No. 16-2312-JAR-GEB, 2016WL 4702376, at *3 (D. Kan. Sept. 8, 2016); *Juarez v. 449 Rest., Inc.*, 29 F.Supp.3d 363, 367–68 (S.D.N.Y.2014) (applying single-integrated-enterprise theory in FLSA case), *Lopez v. Pio Pio NYC, Inc.*, No. 13 CV 4490 (HB), 2014 WL 1979930, at *3–4 (S.D.N.Y. May 15, 2014) (same), *Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, at *8–9 (S.D.N.Y. Oct. 8, 2013) (same), *Salomon v. Adderley Indus., Inc.*, 960 F.Supp.2d 502, 510 (S.D.N.Y.2013) (same), *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091 (ER), 2013 WL 749497, at *7–8 (S.D.N.Y. Feb. 28, 2013) (same), *Chen v. TYT E. Corp.*, No. 10 Civ. 5288 (PAC), 2012 WL 5871617, at *3–4 (S.D.N.Y. Mar. 21, 2012) (same); *Davis v. Abington Memorial Hosp.*, 817 F.Supp. 2d 556, 564–65 (E.D. Pa. 2011); *Marsteller v. Butterfield 8 Stamford LLC*, No. 3:14-cv-1371 (AWT), 2017 WL4286364, at *3 (D. Conn. Sept. 27, 2017); *Boddy v.Astec, Inc.*, No. 1:11-cv-123, 2012 WL 5507298, at *5 (E.D. Tenn. Nov. 13, 2012); *Radford v. Telekenex, Inc.*, No.C10-812RAJ, 2011 WL 3563383, at *3 n.7 (W.D. Wash. Aug. 15, 2011); *Chao v. Barbeque Ventures, LLC* (D.Neb. 12-12-2007), 8:06CV676. (D. Neb. Dec. 12, 2007)

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*   P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)   Page 5

> In their objections, Defendants make the following assertion:
>
> Courts have consistently held that the employer-employee relationship necessary for this Court to have jurisdiction under the FLSA must be based on the named Plaintiff and cannot be based on putative plaintiffs [*sic*]. See *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (Named plaintiff "'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'")…

Dkt. 119, pp 8-9. The problem here is that their compound sentence conclusion is not actually supported by the Supreme Court case they cite. If Plaintiff Fuentes himself actually had no overtime or other wage claims but simply by virtue of having worked at the restaurants asserted this wage claim on behalf of a putative class, then that would be a situation in which he did not suffer an injury (and therefore as a matter of simple logic could not claim that he suffered an injury similar to those of other similarly injured putative class members). In *Lewis*, which was a prisoner case, not an employment case, the Supreme Court found that "If inadequacies of this character [i.e. special services or special facilities required by non-English speakers, by prisoners in lockdown, and by the inmate population at large] exist, **they have not been found to have harmed any plaintiff in this lawsuit**, and hence were not the proper object of this District Court's remediation." *Lewis*, 518 U.S. at 357.

The "juridical link doctrine" is a concept that is traced back to the Ninth Circuit's decision in *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973). The essence of this doctrine is that it is the class, not the class representative, that is the relevant legal entity for the purpose of jurisdictional questions. Under this doctrine, plaintiffs (named and unnamed) in a class action with a common type of injury may pursue a claim against defendants who participated in a common conspiracy or method of dealing, even if some defendants did not directly injure the named plaintiffs. See, e.g., *Id.*, *Payton v. County of Kane*, 308 F.3d 673, 678-79 (7th Cir. 2002); *Alves v. Harvard Pilgrim Health Care Inc.*, 204 F. Supp. 2d 198, 205-06 (D. Mass. 2002). This concept has not been addressed by the Tenth Circuit or by any Colorado district court, that we know of, and not many

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*  P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)  Page 6

others have examined it. In another district looking at this concept, the judge dismissed certain defendants because "A prerequisite to permitting a named plaintiff's claims to go forward against all juridically-related defendants is standing as to at least one of the defendants. Because of the pleading deficiencies, plaintiffs have not met this threshold requirement." *Cavallaro v. Umass Memorial Health Care Inc*, Civil Action No. 09-40152-FDS, n.5 (D. Mass. Jun. 8, 2011). This is in essence the same problem as in the *Lewis* case the Defendants cited. In our case however, Plaintiff Fuentes clearly alleges wage injruies he suffered while working for the Defendants.

Defendants' cited Indiana case *White* is more on point. There, indeed, similarly to the case at bar in some regards, the Plaintiff was a server at two of 28 "Classic Dining" restaurants, and filed suit against all 28 entities seeking "to recover, on behalf of similarly situated servers, through a class or collective action." *White v. Classic Dining Acquisition Corp.*, 2012 WL 1252589, at *2, 1:11-cv-712-JMS-MJD, 1 (S.D. Ind. Apr. 13, 2012). However, not only is that not binding precedent since it is out of state, it was also distinguishable on the grounds that it was decided in relation to a Complaint (attached hereto) that had no allegations of interrelations of operations, existence as a single integrated enterprise, or other similar features that would tie the entities together (other than alleging that the same individual is the registered agent and "principal" of all the entities).

Defendants also hang their hat on two other out of state cases, *Roman* and *Crumbling*, that more or less stand for the same proposition. *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 414 (D. Md. 2013) ("Where more than one entity is involved, the plaintiff must establish an employment relationship with each employer, either singularly or jointly."); *Crumbling v. Miyabi Murrells Inlet, LLC*, 192 F.Supp.3d 640, 644 (D.S.C. 2016) (same). Judge Hegarty expressly declined to accept Defendants' invitation to follow their holdings, however. Further, in contrast to these three holdings we have a slew of cases holding the opposite (see fn. 1, *supra*, for string cite). Indeed, many courts have applied the "single integrated employer" doctrine to FLSA cases involving multiple defendants. *Id*.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*        P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)              Page 7

C. **Adjudication On the Issue of Whether an Entity Qualifies as an Employer Requires Development of a Factual Record**

If Plaintiff Fuentes had worked for the Defendants named herein but instead of naming any of the above-caption entities he instead decided to sue Taco Bell, a Rule 12(b)(1) motion to dismiss on jurisdictional grounds might conceivably have some merit. In that hypothetical context, there would be a complete and utter lack of any employer-employee relationship.

Here, by contrast, there is no dispute but that he did in fact work directly for at least three of the named entities. As to the other five, Plaintiff asserts that they are all related and involved in the employment situations forming the basis of this action. Defendant says that they are not. This is a dispute of fact and as such is simply not proper for a Rule 12(b)(6) motion to dismiss. Meanwhile, even though the court need not believe all allegations in the complaint to be true and can look past it in making its assessment as to whether it has jurisdiction, the analysis is still one of plausibility.

D. **In the Alternative, Under a Joint Employment Analysis, the Defendants Remain In the Case As Well**

In the event that the court were to decline to apply the single employer doctrine to this case, Plaintiff requests that it adopt the findings of Judge Hegarty insofar as he recommended a finding that each of the five disputed Defendants should remain in the case pursuant to the joint employment analysis. Dkt. 114, pp. 18-27. If the court were to adopt Judge Hegarty's recommendations that the economic realities test should be utilized in order to analyze the joint employment question, we ask that the court also adopt his conclusions as to each of the defendants.

However, while adopting the "economic realities" test is one way to look at the joint employer question, we think that the Ninth Circuit's approach on this question is better suited to the facts of the case before us. In *Chao v. A-One Medical Services, Inc*, the Ninth Circuit recognized, as did Judge Hegarty, that "Whether two companies constitute a single enterprise for FLSA coverage and whether they are liable as joint employers under § 207 are technically separate issues." 346 F.3d 908, 917 (9th Cir. 2003). However, it approved the lower court's application of similar *facts* to both

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*  P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)  Page 8

contexts. *Id.* The circuit court did diverge from the lower court's application of the " 'economic reality' test for determining joint employment status… [which it had undertaken] while at the same time recognizing that that test may be inapplicable." *Id*. The Ninth Circuit agreed that, in that context at least, that test was inapplicable because it had more to do with the employee versus independent contractor question and analysis. *Id*. It noted that "our case law contains more examples of such 'vertical' joint employment than examples of 'horizontal' joint employment of the type in question here." Instead, therefore, it looked to 29 C.F.R. § 791.2(a) that affirms that this question is to be addressed on a case-by-case basis: ""A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." It then adopted the criteria described in the next part of that regulation, 29 C.F.R. § 791.2(b) that involves factors such as there being "an arrangement between the employers to share the employee's services, as, for example, to interchange employees," "the employers are not completely disassociated," and "one employer controls, is controlled by, or is under common control with the other employer." Ultimately the court affirmed the lower court's finding that the named defendants were joint employers. *Id*. There should be a similar result here.

### E. Status as Employers Is An Element of The Substantive Claim; It is Not Jurisdictional

Whether Defendants qualify as direct employers, "single" employers, or "joint" employers is an element of plaintiffs' claims, not a jurisdictional issue. Defendants take issue with Judge Hegarty's recommendation that this court find that these questions are nonjurisdictional. However, his position is very much in line with the underpinnings of *Arbaugh*, as described by the D.C. Circuit:

> Under *Arbaugh*, we look to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.' Congress, of course, need not use magic words in order to speak clearly on this point. Rather, the jurisdictional analysis must focus on the legal character of the requirement, which we discern by looking to the condition's text, context, and relevant historical treatment. ***Unless the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, such a limitation is an element of a plaintiff's claim for relief, not a jurisdictional issue.***

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*  P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)  Page 9

*Fernandez v. Centerplate/NBSE*, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (internal citations omitted) (emphasis added). In that case, the lower court had dismissed the plaintiff's FLSA claims based on jurisdictional grounds because it turned out that she actually was paid overtime for work over 40 hours in the week (though not for when she worked more than 8 hours in a day, contrary to her contract). *Id*. Because the former was the basis for her FLSA claim, the lower court held that it did not have jurisdiction. *Id*. The Circuit Court overturned that basis (though not the ultimate conclusion), converting the motion to dismiss into a motion for summary judgment. *Id*. In so holding the court noted that "While the merits of Fernandez's FLSA claim turn on whether she was paid for hours worked in excess of forty per week, nothing in the FLSA suggests that a failure to prove this particular element of her cause of action requires a dismissal for lack of jurisdiction." *Id*.

In the same vein a very recent decision out of the same circuit similarly found against a defendant's jurisdictional bar argument as follows:

> The distinction between jurisdictional and nonjurisdictional requirements is important. Jurisdictional requirements "govern a court's adjudicatory authority. [] By contrast, a nonjurisdictional requirement, "even if important and mandatory," [] does not. The United States Supreme Court has prescribed a "readily administrable bright line" to distinguish the two. Arbaugh []. If the Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," that is the end of the matter. [ ] But if the Congress "does not rank a statutory limitation on coverage as jurisdictional," a court must not treat it as such. Id. at 516, 126 S.Ct. 1235. We examine the provision's "text, context, and relevant historical treatment," [] and ask whether "traditional tools of statutory construction ... plainly show that Congress imbued a procedural bar with jurisdictional consequences[,]" []
>
> Applying these principles, we readily conclude section 16(b)'s opt-in requirement is nonjurisdictional. Section 16(b) is a broad provision. []. It creates a right of action against employers for wage and hours violations. It provides for the recovery of costs and attorney's fees. And it sets out the circumstances in which certain action by the Secretary of Labor affects an employee's right to sue. But it does not purport to limit the court 's power. [] In fact, its sole reference to jurisdiction is the clause permitting a plaintiff to sue "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). This language confirms our conclusion in that it assumes a grant of jurisdiction elsewhere. And, here, there is such a grant. 28 U.S.C. § 1331 assigns the federal district court original jurisdiction over all civil actions "arising under the ... laws ... of the United States." Montes's action arose under the FLSA, plainly a law of the United States. And "nothing in § [1331] conditions its jurisdictional grant on compliance with § [16(b)'s opt-in requirement]." [] The district court

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*       P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)                                             Page 10

therefore had subject matter jurisdiction. [two opt-in plaintiffs'] failure to comply with section 16(b) means instead that they failed to establish their cause of action.

*Montes v. Janitorial Partners, Inc*. 859 F.3d 1079, 1084 (D.C. Cir. 2017) (internal citations omitted).

While acknowledging a lack of guidance from the Tenth Circuit and a split of authority generally, Judge Hegarty noted that one other Colorado district court has held that this question is jurisdictional. Dkt. 114 p. 9. *Murphy v. Allstaff Med. Res., Inc*., No. 16-cv-02370-WJM, 2017 WL 2224530, at *3 (D. Colo. May 22, 2017) ("The Court agrees with the proposition that the existence of an employment relationship between or among the parties is a jurisdictional requirement under the FLSA.") One thing to point out about *Murphy* is that the quoted excerpt was actually stated in *dicta*. At issue in that case, unlike here, was the FLSA ***coverage*** question (i.e. individual or enterprise coverage), not the employer-employee relationship. *Id*. In that case, the defendants moved for early summary judgment on the issue of jurisdiction based on lack of coverage. *Id*. The court denied their motion on the grounds that coverage is not a jurisdictional question. *Id*. The defendants in that case had apparently cited a number of cases that stood for the proposition that "the 'employment relationship' holding that the very distinct statutory provision of 'employee status' under the FLSA is a jurisdictional question." *Id*. at *6. Judge Martinez stated his agreement with the holding of these out of state cases, but doing so was simply in *dicta* and had no bearing on the case at issue there. As the emphasis there was on the coverage questions, the issue was not even before the court. Thus, it lends no direct precedential value here.

That being said, *Murphy* does make an interesting meta-observation in reaching its holding that could arguably apply to both the coverage *and* the jurisdiction question:

Applying this test [the *Arbaugh* "bright line test" …[that] in order for a statutory requirement to be jurisdictional, Congress must specifically state that it is, and if Congress fails to make such a statement, then courts are to find that the requirement is non-jurisdictional.] to §§ 203 and 207, the Court finds that the requirements contained therein are not jurisdictional. As its title reveals, § 203 is merely the definitional section of the FLSA, and similarly § 207 only discusses "maximum hours" that may be worked before overtime pay is required. See 29

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*  P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)  Page 11

> U.S.C. §§ 203, 207. Neither section "speak[s] in jurisdictional terms or refer[s] in any way to the jurisdiction of the district courts." Arbaugh, 546 U.S. at 515.

*Murphy* at 5. As a matter of statutory analysis Judge Martinez held that § 203 is "merely the definitional" – i.e. it is not a clearly stated "jurisdictional" section, and therefore does not meet the *Arbaugh* "bright line" test. This in conjunction with the analysis set forth in *Montes* and *Fernandez* leads to the conclusion that the FLSA lacks statutory language sufficient to constitute clear direction of the employer question serving as a jurisdictional issue.

Regardless, Judge Hegarty declined to follow the *Murphy* dicta statement, and instead recommended following the line of cases standing for the proposition that status as employers is in fact a nonjurisdictional question. We therefore ask that the court adopt this portion of the recommendations.

### IV. EVEN IF THE QUESTIONS WERE JURISDICTIONAL, THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE DISPUTED DEFENDANTS

The Tequileño Defendants contend that "the Magistrate Judge erred in failing to analyze, much less determine, under Rule 12(b)(1) whether Fuentes has standing with respect to each of the Tequileño Defendants, and thus, whether this Court has subject matter jurisdiction over the Tequileño Defendants, and each of them" Dkt. 119 p. 3. Similrly, the Tequila's Defendants contend that "Magistrate Judge Hegarty arrived at an incorrect conclusion concerning Tequila's of Thornton" when he recommended keeping that entity in the case. Dkt. 120 p. 3.

For all the reasons and utilizing the analytical frameworks described above Plaintiff contends that Defendants should not be dismissed from this case. By way of brief recap these include the following: a) the questions are elements of the claim not jurisdictional, so a motion to dismiss them is premature; b) the Defendants collectively constitute a "single employer" (and that analysis is proper to adopt to this context); c) even if the court declines to adopt the single employer framework, under a joint employment analysis they should not be dismissed – under the C.F.R. based framework the Ninth Circuit used, or alternatively under the "economic realities" framework; d) also, on the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*    P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)    Page 12

grounds that this is a [putative] class action and plaintiff has made allegations of being similarly situated to individuals throughout this "enterprise" (a la § 203(r)) they should not be dismissed.

However, even if we are looking at the question under an economic realities joint employer framework, the Defendants are all still properly included, and this court should adopt Judge Hegarty's recommendations in this regard.

### A. Arvada, Lakewood & Aurora Tequileño Restaurants

Judge Hegarty found that

> the Plaintiff has stated plausible allegations demonstrating the ElTequileno restaurants in Arvada, Lakewood, and Aurora, had the power to hire and fire persons similarly situated to him, determined their rate and method of payment, supervised and controlled their work schedules and/or employment conditions, and maintained their employment records. Plaintiff alleges the putative plaintiffs are "similarly situated, in that they have been subject to common pay practices and decisions on the part of the Defendants" and the "claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs." … The Court recommends that Judge Arguello find Plaintiff has plausibly alleged the El Tequileno restaurants in Arvada, Lakewood, and Aurora are "employers" under the FLSA and deny the Tequileno Defendants' motion in this respect.

Dkt. 114, pp. 24-25. There is no reason to disturb this well-supported holding.

### B. Rodrigo Sanchez

Judge Hegarty similarly found that Defendant Sanchez should not be dismissed from the case. The Tequileño Defendants objected to this conclusion by stating in part as follows:

> However, Sanchez does not have and has never had any ownership interest in the Tequileño Entities (for whom Fuentes alleges he never even worked), much less the two Tequila's Defendants where Fuentes actually did work. See Motion, Ex. A, ¶ 1. As such, Sanchez, individually, is not and cannot be a "corporate officer" with a "substantial ownership interest" in any of the Tequileño Entities or the Tequila Defendants subjecting him to personal liability under Saavedra, or otherwise.

Dkt. 119, p. 10-11. However, under any analysis, the definition of "employer" is not dependent upon ownership of the corporate entity. There is a dispute of fact as to the ownership -- Defendants have suggested that the corporations are under Sanchez's wife's name, but no discovery has yet been had on that issue. However, even if true, this simply doesn't matter for present purposes. While there are

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*      P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)                                              Page 13

multiple analyses of the approach to the concept of "employer" as described at length above, none of them hinge on status as owner or officer of the corporate entity.

In the same vein, the Tequileño Defendants make the assertion that *"Sanchez has worked exclusively with the Tequileño Entities since January 1, 2016."* Id. at 11. This is again a factual assertion that may or may not ultimately, after discovery, be supported by evidence. However, even if we were to assume that as true, it would not warrant exclusion. By implication, Sanchez in his loud silence is not contesting the Plaintiff's assertion that in addition to his presence at the three Tequileño locations, at least for some period of time he did work for the Golden and Thornton Tequila's restaurants, during which time he set in motion certain pay practices and other policies that have affected multiple employees, including Mr. Fuentes and the employees that were the subject of the DOL investigations referenced in the Second Amended Complaint. For all these reasons, Defendant Sanchez should remain a party to this action.

### C. Tequilas Of Thornton LLC

Judge Hegarty also recommended denying the Tequila's Defendants' Motion to Dismiss Tequilas of Thornton. Dkt. 14, pp. 26-27. This is an entity related to the Thornton location where Plaintiff Fuentes worked. Whether under a single integrated employer analysis or under the analysis Judge Hegarty used, this entity should not be dismissed either.

### V. MISCELLANEOUS ISSUES
#### A. Plaintiff plausibly alleged that Defendants constitute an "enterprise engaged in commerce" and that Plaintiff is individually engaged in commerce

The Tequila's Defendants contest the recommendations regarding the sufficiency of the allegations pertaining to Defendants' status as an "enterprise engaged in commerce" and that Plaintiff was individually engaged in commerce. Dkt. 120, pp. 5-9. We ask simply that the Court adopt Judge Hegarty's recommendation (Dkt. 114, pp. 27-31) and continue to deny this portion of their motion.

### B. There Is No Record-Keeping "Claim" To dismiss

The Tequila's Defendants insist that the Plaintiff's "record-keeping claim" be dismissed. Dkt.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*   P's Rep to Ds' Obj to Report and Recommendation
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)   Page 14

120, p. 9. However, as Judge Hegarty correctly noted, there is no claim here to dismiss: "Accordingly, the Court finds Plaintiff's allegations in this regard do not allege a separate claim for damages and, thus, no 'dismissal' is required." Dkt. 114, p. 38. We ask the Court to adopt his recommendation to continue to deny this portion of their request.

### C. Others

To the extent we have overlooked or not covered any other issues contained in Defendants' objections to the Report and Recommendation (or in that document itself) we do not intend silence to connote any particular suggestion on our part. If there are any such topics we simply ask that the Court adopt Judge Hegarty's recommendations.

### VI. CONCLUSION

For all these reasons the Defendants' Motions to Dismiss should be DENIED.

Respectfully submitted, this **23rd** day of **January, 2018.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*
**Penn A. Dodson**
11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
(646)-998-8051 fax
*penn@andersondodson.com*
Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Fuentes v. Tequila's Family Mexican Restaurant*
USDC, No. 1:17-cv-01180-CMA-MEH (D. Colo.)

P's Rep to Ds' Obj to Report and Recommendation
Page 15

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:17-cv-01180-CMA

JAIME FUENTES,
in his individual capacity and on behalf of others similarly situated,

    **Plaintiff,**

v.

COMPADRES, INC., d/b/a Tequila's (Golden);
TEQUILAS THORNTON NUMBER 6, LLC, d/b/a Tequila's (Thornton);
TEQUILAS OF THORNTON LLC (Thornton);
EL AGAVE AZUL, INC. d/b/a El Tequileño (Arvada);
EL NOPAL, INC. d/b/a El Tequileño (Lakewood);
EL TEQUILENO #1 d/b/a El Tequileño (Aurora);
JOSE RAIGOZA DEJESUS GARCIA, an individual, and
RODRIGO SANCHEZ, an individual,

    **Defendants.**

---

### CERTIFICATE OF SERVICE

I hereby certify that on this **23rd** day of **January, 2018**, I caused **Plaintiff's Response to Defendants' Objections to Report and Recommendation** to be filed via ECF which will ensure delivery to the following counsel for the defendants:

| | |
|---|---|
| **James F. Fosnaught, Esq.**<br>**Shoshana Rosenthal, Esq.**<br>KARP NEU HANLON, P.C.<br>jff@mountainlawfirm.com<br>201 14th St., Suite 200<br>Glenwood Springs, CO 81601<br><br>Attorney for Defendants:<br>Compadres, Inc.<br>Tequilas Thornton No. 6, LLC<br>Tequilas of Thornton LLC<br>Jose Raigoza DeJesus Garcias | **Christine K. Lamb, Esq.**<br>FORTIS LAW PARTNERS, LLC<br>clamb@fortislawpartners.com<br>1900 Wazee St.<br>Suite 300<br>Denver, CO 80202<br><br>Attorney for Defendants:<br>El Tequileño #1<br>El Nopal, Inc.<br>El Agave Azul, Inc.<br>Rodrigo Sanchez |

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.

*/s/ Penn A. Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

Attorney for Plaintiffs