IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01180-CMA-MEH

JAIME FUENTES, in his individual capacities and on behalf of others similarly situated,

    Plaintiff,

v.

COMPADRES, INC., *d/b/a* Tequila's (Golden)
TEQUILAS THORNTON NUMBER 6, LLC, *d/b/a* Tequila's (Thornton)
JOSE RAIGOZA DEJESUS GARCIA, and
RODRIGO SANCHEZ,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE MICHAEL E. HEGARTY**

---

This matter is before the Court on the Recommendation of United States Magistrate Michael E. Hegarty (Doc. # 133), wherein he recommends that this Court grant in part and deny in part Plaintiff's Motion for the Production of Contact Information and Judicial Notice (Doc. # 94) and Motion to Equitably Toll the State of Limitations (Doc. # 95). The parties timely filed objections to portions of the Recommendation. (Doc. ## 134, 135, 136.) Based on this Court's thorough review, the Court adopts the Recommendation for the following reasons.

## I.     BACKGROUND[1]

On March 23, 2018, this Court dismissed various defendants in this case. The remaining defendants are comprised of restaurants in Colorado as well as the alleged owners or managers of the restaurants: Compadres Inc., Tequilas Thornton Number 6, LLC, Jose Raigoza De Jesus Garcia, and Rodrigo Sanchez (Defendants, collectively). Plaintiff worked as a waiter and bartender at the restaurants from October 24, 2016 to February 22, 2017. Plaintiff alleges that, during this time, Defendants failed to pay him overtime, retained tips for management, failed to provide adequate notice related to the tip credit, and over-reported his tips on his pay stubs.

Plaintiff accordingly commenced this lawsuit on behalf of himself and others similarly situated, bringing claims against Defendants under the Fair Labor Standards Act (FLSA) and the Colorado Wage Claim Act (CWCA). Plaintiff now seeks an order (1) requiring Defendants to provide him a list of putative collective action members and their contact information, (2) approving and authorizing the dissemination of his proposed Notice and Consent to Join Forms, and (3) granting his request to toll the FLSA's statute of limitations from the date he effectuated service of the Complaint. Plaintiff also contends that conditional certification of a collective action pursuant to § 216(b) of the FLSA "is not actually necessary" at this stage in the proceedings.

---

[1] Magistrate Judge Hegarty's Recommendation provides a thorough recitation of the factual and procedural background in this case. The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The factual background of this dispute will be repeated only to the extent necessary to address the parties' objections.

Magistrate Judge Hegarty recommends that this Court grant in part and deny in part these requests. Specifically, Magistrate Judge Hegarty recommends that this Court:

- conditionally certify the collective action under the long-standing two-step certification process and limit the putative classes to bartenders, servers, and cooks, rather than "all non-management employees" as Plaintiff requests;
- order Defendants to provide Plaintiff a list of putative class members and their contact information;
- order the parties to confer and construct mutually-agreed upon Notice and Consent to Join Forms, taking into account the Court's proposed revisions; and
- allow the FLSA claims to be equitably tolled from the date Plaintiff's tolling motion was filed—October 31, 2017.

The parties timely objected to portions of these recommendations.

In particular, Plaintiff objects to (1) this Court utilizing the collective certification process outlined in § 216 of the FLSA; (2) Magistrate Judge Hegarty's proposed limitation of the collective to bartenders, servers, and cooks; and (3) Magistrate Judge Hegarty's proposed revisions to the Notice and Consent to Join Forms. Plaintiff also states that he "reiterates" his arguments regarding equitably tolling the statute of limitations but "understand[s] [Magistrate] Judge Hegarty's logic for the October date as well." (Doc. # 136 at 12.) Defendants object to (1) including the phrase "who worked for Defendants" in the proposed class definitions; (2) ordering Defendants to provide

3

Plaintiff with "any and all other contact information" for putative class members; and (3) permitting Notice to be posted on social media platforms.[2]

With respect to these objections, the Court reviews the Recommendation de novo. In so doing, this Court "may accept, reject, or modify the recommended disposition[.]" Fed. R. Civ. P. 72(b)(3). With respect to the portions of the Recommendation that have not been challenged, the Court reviews for clear error based on its "considerable discretion." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (the district court may review a magistrate judge's conclusion under any standard it deems appropriate).

## II. THE COLLECTIVE UNDER § 216

The Court begins by reviewing Magistrate Judge Hegarty's collective certification analysis under § 216 of the FLSA and the Parties objections thereto.

### A. Two Step Certification Process

Plaintiff first urges the Court to reject Magistrate Judge Hegarty's approach to preliminary certification under § 216 and instead adopt the "permissive joinder standard" set forth in *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015) (Kane, J.). (Doc. # 136 at 6.) Pursuant to *Turner*, Plaintiff argues that § 216 conditional certification is unnecessary at this stage in the proceedings, and this Court should only decide "which individuals' contact information should be produced, and how the notice

---

[2] Defendants also argue that Magistrate Judge Hegarty's Recommendation should be rejected (1) as moot because it was issued before this Court had ruled on the prior Recommendation (Doc. # 114) on the Motions to Dismiss the Second Amended Complaint; and (2) as erroneously conflating the Defendants in this case. This Court has since ruled on the prior Recommendation, rendering Defendants first argument moot. With respect to the second, the Court has already addressed that argument, agreeing in part and disagreeing in part. The Court declines to revisit that issue here.

to be distributed should read." (*Id.*)  The Court disagrees and overrules Plaintiff's objection.

Despite the *Turner* decision, this Court is bound by long-standing Tenth Circuit precedent mandating the application of the two-step conditional certification process for collective actions brought under the FLSA.  *See, e.g., Thiessen v. General Electric Capital Corporation*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Accordingly, the Court declines to apply *Turner* and adheres to the two-step processes outlined by Magistrate Judge Hegarty.

**B.  Class Definitions**

Next, the Parties challenge Magistrate Judge Hegarty's proposed class definitions, which are:

> Minimum Wage Claims Class:  All current and former servers and bartenders who worked for Defendants at any time on or after October 31, 2014, who were required to clock out then engage in 'side work' and/or cleaning activities and who were not paid the minimum wage because management improperly retained collected tips for themselves; and
>
> Overtime Claims Class:  All current and former servers, bartenders, and cooks who worked for Defendants at any time on or after October 31, 2014 and who worked more than forty hours per week without payment of one-and-one-half times their regular rate for those hours worked over forty in a workweek.

1. Plaintiff's Objection

Plaintiff argues that "all non-management employees" should receive notice of this case, not just servers, bartenders, and cooks.[3] This Court disagrees.

Plaintiff bears the burden of presenting this Court with "substantial allegations" demonstrating that all members of a putative class were subject to a single decision, policy or plan. *See Thiessen*, 267 F.3d at 1102. Plaintiff's Complaint, along with the declarations submitted with the underlying motion, provide this Court with sufficient allegations to support conditionally certifying classes of servers, bartenders, and cooks. Indeed, Plaintiff (a bartender and cook) submitted his own declaration highlighting alleged overtime and minimum wage violations; he also submitted two other declarations—made by co-workers (both cooks)—that adequately detail overtime allegations. In addition, Plaintiff's Second Amended Complaint contains allegations that he and others in his situation—i.e. servers and bartenders—were underpaid.

However, Plaintiff's allegations are limited to servers, bartenders, and cooks. They are therefore insufficient to support a class of "all non-management employees." *See Avendano v. Averus, Inc.*, No. 14-CV-01614-CMA-MJW, 2015 WL 1529354, at *6 (D. Colo. Mar. 31, 2015) (limiting the class definition because Plaintiff's Complaint and declarations contained insufficient evidence to support a broader class.); *see Hobbs v. Tandem Envtl. Solutions, Inc.*, No. 10–1204–KHV, 2011 WL 484194, at *2 (D.Kan. Feb. 7, 2011) ("[P]laintiffs make no allegations of company-wide policies or practices. Rather, all of plaintiffs' allegations are against TESCO and [one particular supervisor] together,

---

[3] To the extent Plaintiff's arguments hinge on his contention that certifying the collective and thereby limiting the definition is not yet necessary, the Court has already rejected that argument.

and therefore cannot extend beyond [that supervisor's] scope of authority—the [single] Wichita district . . . . The Court therefore limits plaintiffs' proposed class to TESCO office cleaners employed by its Wichita branch.").

The Court also disagrees with Plaintiff's contention that the following phrases in the class definitions are "confusing": references to "side work and/or cleaning activities"; "management improperly retained collected tips"; and "who worked more than forty hours per week without payment of one-and-one-half times their regular rate." These phrases are not confusing or misleading; they are simply definite and objective. Referencing instead individuals who may have been "paid improperly" or who "think there might be something wrong with how [they were] paid," as Plaintiff suggests, would inadequately define the criteria for membership. Indeed, a class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member"; it must also be "adequately defined [such that] its members can be ascertained by reference to objective criteria." *Maez v. Springs Auto. Grp., LLC*, 2010 WL 2010965, at *1 (D. Colo. May 19, 2010); *Buycks–Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 322, 328–29 (N.D.Ill.1995) ("This Court retains the power to modify the class definition at any time before a final judgment on the merits, if the evidence or the legal principles governing this case establishes that the class definition is too broad."). The Court accordingly overrules Plaintiff's objection.

2. <u>Defendants' Objection</u>

Defendants challenge the phrase "who worked for Defendants." They instead argue that the class definitions should define putative class members as those "who worked at any of the Tequila's restaurant locations . . . ." (Doc. # 134 at 3-4.) Defendants contend that including "who worked for" rather than "who worked at" improperly implies that putative class members and Defendants were in employer-employee relationships. The Court disagrees. Unlike the cases cited by Defendants, the proposed class definitions in this case do not use the words "employee" or "employer," nor do they have such legal import.

The collective definitions objectively define the scope of the class and advise opt-in members of their potential inclusion in this lawsuit. No ultimate legal determination has been made with respect to the Defendants' employment relationships with the putative class members, and neither the class definitions or the Notice and Consent to Join Forms imply otherwise.[4] Indeed, resolving that legal question is left for the second-stage of the certification process, after merits discovery has been completed and Defendants have properly raised the issue.

Accordingly, the Court finds that (1) Plaintiff has submitted sufficient allegations to support the class definitions proposed by Magistrate Judge Hegarty; and (2) those definitions are clear, definite, and neutral. The Court therefore conditionally certifies the above-defined classes under § 216 of the FLSA.

---

[4] The Court notes, however, that it has already concluded that Plaintiff has sufficiently alleged an employee-employee relationship with the Defendants to overcome preliminary dismissal under Rule 12(b)(6). To the extent that Defendants are simply restating their arguments from their motions to dismiss, the Court rejects them.

### III. NOTICE AND CONSENT TO JOIN FORMS

Once the Court concludes that conditional certification of an FLSA collective action is appropriate, the Court may authorize the plaintiff to disseminate proper notice and opt-in consent forms to putative collective action members. *See Hoffman–LaRoche, Inc.*, 493 U.S. at 169–70; see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Court has broad discretion to modify and approve the details of the notice sent to potential opt-in plaintiffs. *Hoffman–LaRoche*, 493 U.S. at 171.

Magistrate Judge Hegarty found the Plaintiff's propose Notice deficient in the following nine ways:

> (1) it must contain the collective action definition set forth in this Recommendation; (2) the Notice does not identify defense counsel; (3) the term "employees" should be changed to the definition set forth in this Recommendation; (4) the term "non-management employees" should be changed to the definition set forth in this Recommendation; (5) the Notice sporadically refers to "Plaintiffs" and "Defendant," when it should refer to "Plaintiff" and "Defendants"; (6) the Notice does not inform putative opt-in plaintiffs of their potential obligations in the lawsuit—*i.e.*, "while this lawsuit is pending you may be required to submit copies of documents to and written answers to questions by Tequila's or to testify under oath at a deposition, hearing or trial in Colorado"; (7) Section 9 does not inform putative plaintiffs of their options for representation—*i.e.*, "If you chose to join in the lawsuit you may (1) represent yourself, (2) hire a lawyer of your choice, or (3) hire [Plaintiffs' attorney]. . . ."; (8) the Notice does not contain language indicating the Court's neutrality in this action—*i.e.*, "THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO. THE COURT HAS TAKEN NO POSITION IN

THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANTS' DEFENSES."; and (9) the Notice identifies Plaintiff's counsel as administering the collective action, when it would be just and proper to use a third-party administrator to oversee the collective action.

Plaintiff disagrees with Magistrate Judge Hegarty's deficiency conclusions (1) through (4), (6), and (9). Defendants express their approval of number (9) but do not otherwise discuss these deficiencies. Neither party disagrees with numbers (5) and (8). Magistrate Judge Hegarty also recommended that this Court order the parties to meet, confer, and construct a mutually agreeable Notice for dissemination. Neither party objects to that recommendation.

Having thoroughly reviewed the issue, the Court agrees with Magistrate Judge Hegarty that the parties should meet and confer in an attempt to modify the Notice and fix any deficiencies before approaching this Court for resolution. The Court nonetheless addresses some of the Parties' concerns. Beginning with Plaintiff's objections to numbers (1), (3), and (4), the Court reiterates its conclusions above with respect to the class definitions and for the same reasons, orders that those two definitions be included in Plaintiff's Notice. With respect to Plaintiff's objections to number (2), the Court notes that Magistrate Judge Hegarty merely ordered that the Notice identify defense counsel, not that it detail defense counsel's contact information as Plaintiff suggests. Nonetheless, having reviewed the issue and the case law submitted by Plaintiff, this Court sees no reason to include defense counsel's information, especially if the Parties meet and confer on its exclusion. Indeed, Defendants have submitted no objection or otherwise responded to Plaintiff's concerns, nor did Defendants argue for the inclusion

of such information in its response to Plaintiff's initial motion. *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) ("Including contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries, thus engendering needless confusion.").

With respect to Plaintiff's objection to number (6), the Court finds that "it is reasonable and necessary to inform potential plaintiffs that they may be deposed, required to submit written discovery, compelled to testify, and obligated to appear in Denver." *Darrow v. WKRP Mgmt., LLC*, No. 09-CV-01613-CMA-BNB, 2012 WL 638119, at *6 (D. Colo. Feb. 28, 2012). The Court therefore agrees with Magistrate Judge Hegarty that the Notice in this case should so indicate.

Finally, with respect to the Parties' disagreement about number (9)—reference to a class administrator—neither Party has provided this Court with any legal authority to support its position. Indeed, it is unclear at this stage in the proceedings whether a class administrator is necessary or warranted. This Court is without any indication of the number of potential plaintiffs involved, the ultimate extent or scope of this litigation, or the potential class recovery. The Court therefore declines to mandate the use of a class administrator at this time or to order that the Notice so indicate.

With these considerations in mind, the Parties are ordered to meet, confer, and construct mutually-agreed upon Notice and Consent to Join Forms to be approved by this Court before dissemination.[5] Should the parties continue to disagree about the

---

[5] The Court recognizes that Plaintiff submitted a new proposed Notice with his Response to Defendants' Objections to the Recommendation. (Doc. # 139-1.) It does not appear, however,

content of the Forms, the Parties shall file written briefing detailing their disagreements with supporting legal authority.

### IV. CONTACT INFORMATION AND NOTICE DISSEMINATION

Once Notice has been approved, the Court must facilitate the process of disseminating notice and consent forms to potential class members. *See Hoffman-La Roche*, 493 U.S. at 169–70.

**A. Disclosure of Contact Information**

Magistrate Judge Hegarty recommended that Defendants be ordered to disclose the following information to Plaintiff:

1. The names of all servers, bartenders, and cooks who worked at the Defendant restaurants on or after October 31, 2014;

2. The servers', bartenders', and cooks' last known addresses;

3. Any and all e-mail addresses associated with the servers, bartenders, and cooks;

4. Any and all telephone numbers (including cellular numbers) associated with the servers, bartenders, and cooks;

5. Any and all other contact information for the servers, bartenders, and cooks, such as Facebook ID, Twitter handle, Skype address, or the like; and

6. The servers', bartenders', and cooks' dates of employment.

---

that the Parties met and conferred with respect to that Notice, and the Court therefore rejects it as prematurely filed.

Magistrate Judge Hegarty then denied Plaintiff's request to inquire about the putative class members' primary languages as placing an undue burden on Defendants.

Plaintiff does not object to any of these recommendations, and Defendants only object to recommendation number five. The Court has reviewed the remaining unchallenged recommendations and finds no clear error. They are therefore adopted.

With respect to recommendation number five, Defendants contend that they should not be required to provide Plaintiff with "any and all other contact information" for putative plaintiffs because the request is unduly burdensome. Defendants express specific concerns about being ordered to disclose social media information that they do not collect or maintain.[6] Defendants contention is misplaced. The Court is not ordering Defendants to produce information that they do not maintain. Even Plaintiff's response to this objection acknowledges, "[t]he crux of the Recommendation is that Defendants should produce all available contact information for the putative plaintiffs *in their possession*. . . . if they look through their records and discover that they do not have social media information, they can simply say so." (Doc. # 139 at 3) (alteration in original). Moreover, catch-all phrases for the disclosure of contact information are commonly used in the FLSA collective action process and are not needless or overly intrusive. *See, e.g.*, *Beltran*, 2017 WL 4418684, at *6. Defendants' objection is therefore overruled.

---

[6] Defendants also argue that Magistrate Judge Hegarty's Recommendation should be rejected (1) as erroneously conflating the Defendants in this case and (2) as moot because it was issued before this Court had ruled on the prior Recommendation (Doc. # 114) on the Motions to Dismiss the Second Amended Complaint. The Court has already addressed the first argument, agreeing in part and disagreeing in part. The Court declines to revisit that issue here. With respect to the second, the Court has since ruled on the prior Recommendation, rendering the argument moot.

The Court accordingly adopts Magistrate Judge Hegarty's Recommendation with respect to the disclosure of putative class members' contact information.

**B. Notice Dissemination**

With respect to notifying putative collective action members, Magistrate Judge Hegarty recommended that Notice be:

- Posted in English and Spanish, as well as any other languages the Plaintiff may discern as necessary; and
- Distributed via U.S. Mail, email, text message, and social media.

He denied Plaintiff's request that Notice be posted at Defendants' restaurants as unduly burdensome.

Neither party objects to Magistrate Judge Hegarty's conclusions with respect to posting the Notice in multiple languages or distributing it via mail, email, and text message. The Court finds that those recommendations are not clearly erroneous or contrary to law and therefore adopts them in full.

Defendants nonetheless object to Magistrate Judge Hegarty's recommendation that Notice be distributed via social media. That objection is overruled. Recent opinions recognize the efficiency of the internet in communicating to class members. *See, e.g., Mark v. Gawker Media LLC*, No. 13–CV–4347 AJN, 2014 WL 5557489, at *5 (S.D.N.Y Nov. 3, 2014) ("To the extent Plaintiffs propose to use social media to provide potential plaintiffs with notice that mirrors the notice otherwise approved by the Court, that request is granted."). The Court agrees that electronic notice through social media platforms is particularly appropriate for classes, like this one, comprised of largely

young, transient unnamed plaintiffs, because email addresses and physical addresses may not "provide a reliable, durable form of contact . . . ." *Woods v. Vector Marketing Corp.*, 14–V–0264–EMC, 2015 WL 1198593, at *6–7 (N.D. Cal. Mar. 16, 2015).

Finally, in one short sentence, Plaintiff objects to Magistrate Judge Hegarty's recommendation that the Court disallow the posting of Notice in Defendants' restaurants. The Court overrules that objection. As Magistrate Judge Hegarty cogently explained,

> [P]osting of the Notice (itself intended to benefit the Plaintiff) in the Defendants' restaurants could be potentially confusing to Defendants' employees, and result in prejudice to the Defendants, particularly if the Notice is posted in the same area as neutral notices concerning the employees' rights under the law. Furthermore, although unlikely that customers might see the Notice in areas "frequented by putative Plaintiffs," the possibility that customers or other non-employees having access to the Notice "could negatively and unfairly impact Defendants' business interests." *Beltran*, 2017 WL 4418684 at *6.

Having reviewed the issue de novo, this Court agrees with Magistrate Judge Hegarty's analysis and conclusion. The Court additionally finds that posting the Notice in Defendants' restaurants has the potential to appear punitive and confusing, with only an incremental chance of reaching putative plaintiffs who otherwise would not receive notice through avenues already afforded under the current notice plan.

The Court accordingly adopts Magistrate Judge Hegarty's Recommendation with respect to the dissemination of Notice.

## V.     EQUITABLE TOLLING

Last, Plaintiff objects to Magistrate Judge Hegarty's conclusion that the statute of limitations should toll from the date of Plaintiff's motion rather than the date that Plaintiff effectuated service of his Complaint. Plaintiff specifically states that he disagrees with Magistrate Judge Hegarty and reiterates his previous arguments but nonetheless "understands [Magistrate] Judge Hegarty's logic for the October date." (Doc. # 136 at 12.)

Having reviewed the equitable tolling request de novo, the Court concludes that tolling the statute of limitations from October 31, 2017, as Magistrate Judge Hegarty recommends, is appropriate. Indeed, Plaintiff has provided this Court with no explanation for his almost six-month delay between commencing this suit and requesting that the limitations period be tolled. *See Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1182 (D. Colo. 2012) ("In the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit."); *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

The Court therefore adopts Magistrate Hegarty's Recommendation and orders that the statute of limitations period be tolled from October 31, 2017—the date the instant tolling motion was filed—until ninety days after the putative opt-in plaintiffs receive notice of this lawsuit.

## VI.     CONCLUSION

Accordingly, the Court ORDERS as follows:

(1) The Recommendation of United States Magistrate Judge Michael E. Hegarty (Doc. # 133) is AFFIRMED and ADOPTED as an order of this Court.

(2)  Plaintiff's Motion for the Production of Contact Information and Judicial Notice (Doc. # 94) is GRANTED IN PART and DENIED IN PART.  It is GRANTED to the extent it alternatively requests certification of this collective action under § 216.  The collective action classes are defined as follows:

> Minimum Wage Claims Class:  All current and former servers and bartenders who worked for Defendants at any time on or after October 31, 2014, who were required to clock out then engage in 'side work' and/or cleaning activities and who were not paid the minimum wage because management improperly retained collected tips for themselves; and

> Overtime Claims Class:  All current and former servers, bartenders, and cooks who worked for Defendants at any time on or after October 31, 2014 and who worked more than forty hours per week without payment of one-and-one-half times their regular rate for those hours worked over forty in a workweek.

It is also GRANTED to the extent it requests that Defendants be ordered to disclose the contact information of putative plaintiffs.  Defendants are hereby ORDERED to disclose as follows:

- The names of all servers, bartenders, and cooks who worked at the Defendant restaurants on or after October 31, 2014;
- The servers', bartenders', and cooks' last known addresses;

17

- Any and all e-mail addresses associated with the servers, bartenders, and cooks;
- Any and all telephone numbers (including cellular numbers) associated with the servers, bartenders, and cooks;
- Any and all other contact information for the servers, bartenders, and cooks, such as Facebook ID, Twitter handle, Skype address, or the like; and
- The servers', bartenders', and cooks' dates of employment.

Plaintiff's Motion is DENIED to the extent it requests this Court's approval of the proposed Notice and Consent to Join Forms. The Parties are instead ORDERED to meet, confer, construct, and submit mutually agreed-upon Notice and Consent to Join Forms within two weeks of the issuance of this Order.

(3) Plaintiffs Motion to Equitably Toll the State of Limitations (Doc. # 95) is also GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent that it requests an order equitably tolling the statute of limitations for putative opt-in members in this case. It is DENIED to the extent that it requests that the tolling commence on the date of service of the Complaint. The Court instead ORDERS that the FLSA claims in this case be equitably tolled from October 31, 2017, to ninety days after the putative opt-in plaintiffs receive notice of this action.

DATED: May 9, 2018  BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge